Jude Walter **BROUSSARD, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 63073.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Rehearing Denied Dec. 15, 1982.

Carlton A. Getty, LaMarque, for appellant.

James F. Hury, Jr., Dist. Atty. and Jack C. Brock, Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is an appeal from a conviction for the offense of robbery. The punishment was assessed at imprisonment for twenty years and payment of a $2,500 fine.

The appellant and Jackie Ray Osteen were indicted for capital murder. They were tried together and Osteen was found guilty of capital murder and sentenced to death. See *Osteen v. State,* 642 S.W.2d 169 (Tex.Cr.App.1982). The jury found the appellant guilty of robbery.

The appellant, in his only ground of error, contends that the trial court erred in instructing the jury that they were authorized, if the evidence so reflected, to return a verdict of guilty for the offense of robbery in the event that they acquitted the appellant of capital murder. The appellant apparently argues the inclusion of this jury instruction was fundamental error because the offense of robbery was not a lesser included offense of capital murder. Thus, there was no valid indictment before the trial court charging robbery and the trial court was without jurisdiction to convict the appellant of robbery. While most capital murder defendants would prefer inclusion of this jury charge, the appellant seeks

its exclusion. See Wright, Federal Practice and Procedure, Sec. 515, n. 54. We, however, conclude that the trial court did not err in this case by so charging the jury.

The indictment, in part, alleged that appellant and Osteen,

" . . . did then and there intentionally and knowingly cause the death of an individual, Lawrence Mathis, by shooting him with a handgun; and the said Jackie Ray Osteen and [the appellant] did then and there intentionally cause the death of the said Lawrence Mathis in the course of committing the offense of Robbery, to-wit: the said Jackie Ray Osteen and [the appellant] did then and there while in the course of committing theft and with intent to appropriate and maintain control of property of Lawrence Mathis, to-wit: One thousand Dollars ($1,000.00) in money, without the effective consent of the said Lawrence Mathis and with intent to deprive the said Lawrence Mathis of said property did then and there intentionally and knowingly cause bodily injury to Lawrence Mathis by shooting him with said handgun, . . ."

Section 19.03 of the Texas Penal Code in part states that a person commits the offense of capital murder if that person intentionally commits the murder in the course of committing or attempting to commit the offense of robbery. The statute further provides that if a jury does not find a defendant guilty of an offense under this section, the defendant may be convicted of murder or any other lesser included offense. Sec. 19.03(c), supra.

Article 37.09, V.A.C.C.P. provides in pertinent part:

"An offense is a lesser included offense if:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;"

■ Whether an offense is a lesser included offense of the offense charged will be determined on a case-by-case basis. *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1976) (Opinion on Rehearing). In *Woodkins v. State,* 542 S.W.2d 855 (Tex.Cr.App.1976), we held that robbery was not a lesser included offense of capital murder "simply because it was incumbent on the State to prove the element of robbery in establishing capital murder . . ." It is possible that the proof necessary to establish the element "in the course of committing robbery" would not be sufficient to establish proof of a completed robbery. However, this does not mean that robbery or the other offenses outlined in Penal Code, V.T.C.A., Section 19.03(a)(2) can never be lesser included offenses of capital murder. It is not a question of whether or not the offense charged is capable of being established on some theory that does not show the lesser included offense. Rather, the issue is whether or not the State, in each case, when presenting its case to prove the offense charged, also includes the lesser included offense. *Campbell v. State,* 571 S.W.2d 161 (Tex.Cr.App. 1978); *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr.App.1979).

■ In the present case, not only were the elements of robbery alleged in the indictment, but the State also proved them. The State presented in evidence the appellant's written confession. The appellant admitted that he had agreed with Osteen to help him "roll" the deceased. He stated that the three of them went in Osteen's automobile and drove to a deserted area. Osteen and the deceased got out of the automobile and shortly thereafter, the appellant heard two shots and then saw Osteen fire another shot into the deceased. Osteen searched the body and took the deceased's wallet and money. Appellant and Osteen went through the wallet. They found $1,000 and the appellant received $500. The State, in trying to prove capital murder, clearly established robbery.

■ However, merely because a lesser offense is included within the proof of the offense charged does not mean that a charge on the lesser offense is required. The charge will be required only if there is evidence which shows that if the appellant is guilty, he is guilty only of the lesser

offense. *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Cr.App.1981) (Opinion on Rehearing); *Eldred v. State,* supra; *Williams v. State,* 575 S.W.2d 30 (Tex.Cr.App.1979); *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr. App.1974).

Within appellant's confession introduced by the State, the appellant stated:

> "When Jackie [Osteen] asked me about robbing the old man, I didn't want to but when I agreed to help him I didn't know Jackie was going to kill him. I would have gone along [with] beating him up a little and taking his money but I had no idea that Jackie was going to kill him or I would never have agreed to help."

The appellant's statements indicate that he was not guilty of capital murder but that if he was guilty at all, he was guilty of robbery. The evidence was sufficient to require a charge on the lesser included offense.[1] No error was committed in charging the jury.

The judgment is affirmed.

ONION, TOM G. DAVIS, CLINTON and TEAGUE, JJ., dissent.

ROBERTS and DALLY, JJ., concur in the result.

---

1. Failure to include a jury charge on a lesser included offense in a death penalty case is also discussed in *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).