Campbell v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-044-CR

FREDDIE L. CAMPBELL, III APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

OPINION

------------

I. Introduction

A jury found Appellant Freddie L. Campbell, III (“Campbell”) guilty of possession of a controlled substance with intent to deliver, and the trial court assessed his punishment at sixteen years’ confinement.  In three points on appeal, Campbell argues that the trial court erroneously denied his request for a lesser included offense instruction and his motion to suppress his written confession and that his trial counsel was ineffective.  We will affirm.

II. Background Facts

On June 15, 2000, Fort Worth Police Officer Robin Moore stopped a maroon Cadillac because it had an expired dealer’s tag.  A driver’s license check on the driver, Veronica Alvarez, revealed an outstanding warrant for her arrest.  Moore arrested Alvarez and asked whether the Cadillac could be released to her passenger, Campbell.  Alvarez consented, so Moore requested Campbell’s driver’s license.  Moore checked Campbell’s license and discovered an active warrant for Campbell’s arrest.  Moore arrested Campbell and, when assistance arrived, placed Alvarez and Campbell in separate patrol cars for transport to jail.

Officer Moore inventoried the Cadillac’s contents.  He found a black backpack with the name “Johnny Gonzalez” written on it lying on the Cadillac’s back seat, behind the front passenger seat that Campbell had occupied.  The backpack contained “smelly” men’s clothing and a “smelly” beach towel, a cell phone and charger, a pager, and a small daytime organizer.  Inside the organizer, Moore found two baggies containing what was later determined to be 8.64 grams of methamphetamine, several small empty baggies, a set of small scales, two syringes, a tourniquet, and a small address book.  When Moore found these items, Alvarez became hysterical and claimed that the backpack and its contents did not belong to her.  At this point, according to Alvarez, Campbell admitted, “Yes, that’s my stuff.”

Officer John Law, who was assisting Moore at the scene, read Campbell his rights and asked Campbell whether he would make a statement.  Campbell agreed and wrote a statement at the scene explaining that Alvarez “knew nothing of the things I had in my bag, any drugs or otherwise.”  He continued: “[t]his stuff is for my use, not any other reason than that.  I had bought the meth before her picking [sic] me up.”

At trial, Campbell denied that the backpack or its contents belonged to him.  He said the items belonged to his estranged wife who dealt drugs with Alvarez and her ex-husband.  He claimed Alvarez told him that his wife left the backpack in the Cadillac.  Campbell admitted that the phone, pager and address book belonged to him, but claimed that Officer Moore was lying about discovering them inside the backpack with the drugs.  He said these items were simply lying on the Cadillac’s front seat.  Campbell claimed his statement that Alvarez knew nothing of the drugs and that the drugs and drug paraphernalia were his was false.  He said he lied because he was afraid of Alvarez’s husband, he wanted to spare Alvarez’s four children, and he was reluctant to implicate his own wife for the sake of his stepson.

Campbell testified that he did possess less than one gram of methamphetamine on the day of the offense—in his toolbox in his car at the motel where Alvarez picked him up.  Campbell acknowledged that the police never found the drugs in his toolbox and implied that he retrieved them upon his release from jail.

III. Lesser Included Offense Instruction

In his first point, Campbell complains that the trial court erred by refusing to charge the jury on the lesser included offense of possession of under one gram of methamphetamine.  The State counters that the trial court properly refused to charge the jury on a lesser included offense because the lesser offense Campbell admitted, possession of less than one gram of methamphetamine in a toolbox somewhere, is not encompassed within the proof necessary to establish the charged offense.

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
.
 art. 37.09(1).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether proof of the charged offense, in 
this
 case, actually included proof of the lesser included offense as defined in article 37.09. 
 Schweinle v. State,
 915 S.W.2d 17, 18 (Tex. Crim. App. 1996); 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).
  The second step in determining whether a lesser included offense should be given requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense.  
Moore
, 969 S.W.2d at 8.

Campbell contends that because he 
denied ownership of the drugs found in the backpack
, yet admitted to having less than one gram of methamphetamine secreted in a toolbox not located in the Cadillac, he 
was entitled to an instruction on possession of under one gram of methamphetamine as a lesser included offense.  Campbell was charged with possession with intent to deliver methamphetamine in an amount greater than 4 grams but less than 200 grams.  The charged offense stemmed from the presence of 8.64 grams of methamphetamine inside a black backpack located in the backseat of Alvarez’s vehicle.

To prove the charged offense, the State presented evidence linking Campbell to the backpack and its contents.  Alvarez testified that Campbell entered her vehicle carrying the backpack.  Moore discovered the backpack within reach of where Campbell had been sitting in the car.  The backpack was labeled with Campbell’s stepson’s name, “Johnny Gonzalez,” and its contents included an address book, phone, and pager, items Campbell admitted belonged to him.  Proof of the charged offense required no evidence that Campbell possessed less than a gram of methamphetamine in a toolbox at a separate location.  Based on the facts of this case, possession of less than one gram of methamphetamine was not a lesser included offense of the charged offense.  
See Jacob v. State
, 892 S.W.2d 905, 908 (Tex. Crim. App. 1995) (holding aggravated assault was not lesser included offense of burglary with intent to commit aggravated assault under facts of case).  The purported lesser included offense here does not come within article 37.09. 
 Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981).  Thus, it does not meet the first step of the two-step lesser included offense test.  
See Moore
, 969 S.W.2d at 8.  We hold that the trial court did not err in refusing to submit Campbell’s requested lesser included offense instruction.  We overrule Campbell’s first point.

IV. Motion to Suppress Campbell’s Written Confession

In his second point, Campbell complains the trial court erred by overruling his motion to suppress his confession—the written statement he made at the scene.  Specifically, Campbell complains that his statement was induced by a promise because Officer Law told him that unless he accepted responsibility for the backpack, Alvarez would be charged with the offense.  The State contends no evidence exists that investigating officers promised any benefit to Campbell sufficient to induce him to confess to a felony offense he did not commit.

We review the denial of a motion to suppress by giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  When the trial court does not make explicit findings of historical facts, we review the evidence in the light most favorable to the trial court's ruling.  
Id.
 at 327-28.  In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996).  However, this general rule is inapplicable where the suppression issue has been consensually relitigated by the parties during trial on the merits.  
Id.
  Where the State raises the issue at trial either without objection or with subsequent participation in the inquiry by the defense, the defendant has made an election to re-open the evidence, and consideration of relevant trial testimony is also appropriate in our review.  
Id.

Here, at trial the State questioned Officer Law concerning the statements he made to Campbell regarding the making of a statement.  The defense participated in the inquiry into the voluntariness of Campbell’s statement by cross-examining Officer Law on his comments to Campbell and his utilization of Alvarez’s name.  Thus, the issue was relitigated, and in reviewing the trial court’s ruling on Campbell’s motion to suppress, we will consider the evidence and testimony presented at the suppression hearing and at trial.  
See id.

A statement of an accused may be used as evidence against him “if it appears that the same was freely and voluntarily made without compulsion or persuasion.”
  Tex. Code Crim. Proc. Ann.
 art. 38.21 (Vernon 1979).  Statements induced by a promise are considered involuntary under article 38.21.  
Muniz v. State
, 851 S.W.2d 238, 254 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 837 (1993); 
Jacobs v. State
, 787 S.W.2d 397, 399 (Tex. Crim. App.), 
cert. denied
, 498 U.S. 882 (1990).  In order to induce the confession, the promise must be (1) positive, (2) made or sanctioned by someone in authority, and (3) of such an influential nature that a defendant would speak untruthfully in response thereto.  
Janecka v. State
, 937 S.W.2d 456, 466 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 825 (1997); 
Muniz
, 851 S.W.2d at 254; 
Freeman v. State
, 723 S.W.2d 727, 730 (Tex. Crim. App. 1986)
.  Additionally, the statement must not have been obtained by the influence of hope or fear, applied by a third person to the prisoner's mind.  
Creager v. State
, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997).  The ultimate question is whether appellant's will was overborne.  
Id.

The trial court denied Campbell’s motion to suppress.  Later, the trial court filed findings of fact and conclusions of law finding that Campbell was Mirandized, that he waived his rights and agreed to give a statement, that no promises, threats, coercion or force was used to obtain Campbell’s statement, and that the statement was freely and voluntarily given.

Officer Law testified at the suppression hearing and at trial that he gave Campbell a statement form with the 
Miranda
 warnings printed at the top, verbally Mirandized Campbell, and confirmed that Campbell understood his rights.  Officer Law told Campbell he thought the drugs belonged to Campbell because of the men’s clothing in the backpack.  Officer Law then admonished Campbell that “if [the contraband] was his, that - - and possibly Ms. Alvarez being charged with the crime along with him; if it was his, to stand up, do the right thing and tell us that it was [his].”  Officer Law said he made no promises or threats to Campbell and offered Campbell nothing in return for his statement.  Campbell agreed to waive his rights and to provide a statement.

Officer Law removed Campbell’s handcuffs and placed the statement form on the trunk of the patrol car, where Campbell wrote out and signed his statement.  Corporal Nassie, Officer Law’s supervisor, witnessed and signed Campbell’s statement at the scene.  Corporal Nassie confirmed Officer Law’s testimony regarding the verbal exchange leading up to Campbell’s statement, although he did not recall Officer Law mentioning Alvarez’s name.

Campbell testified that one of the reasons he made the statement was that Officer Law “indicated that if [he] didn’t cop to the backpack that [Alvarez] would be arrested for it.”  On cross-examination, Campbell admitted that he had received 
Miranda
 warnings in the past and given statements to the police prior to this arrest.  He confirmed that he was informed of, understood, and freely and voluntarily waived his rights on this occasion.  He further said he gave the statement voluntarily and did not expect to obtain any personal benefit from it, although he “was trying to help [Alvarez] out” because she had nothing to do with the offense.  He agreed that Officer Law did not promise that Alvarez would not go to jail for her outstanding warrants, but indicated that she would not be arrested for the drug offense:

[PROSECUTOR:] So if you told them that the truth, which

was that she had nothing [to] do with the drug offense, that they would not charge her for an offense she was not guilty of?  Is that what [Law] told you?

[DEFENDANT:] Right.

Officer Law’s comments to Campbell were made by a person in authority, but they did not confer any benefit on Campbell.  
See Bordman v. State
, 56 S.W.3d 63, 69 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d) (holding promise that appellant's confession would "cleanse him" did not confer any benefit on appellant).  Officer Law’s comments were simply not of the type likely to make Campbell believe that his condition would be bettered by making a confession, even a false confession.  
See Janecka
, 937 S.W.2d at 466; 
Bordman
, 56 S.W.3d at 69.  Officer Law’s admonition to Campbell to “do the right thing” did not amount to a promise, a threat, or the use of coercion, or force to obtain the statement.  
Bordman
, 56 S.W.3d at 69.  Morever, Officer Law’s comment that if Campbell did not “do the right thing” and admit the drugs belonged to him, if in fact they did, then a possibility existed that Alvarez would also be charged with the offense, does not constitute a promise, a threat, or the use of coercion or force to obtain the statement.  
See, e.g., Johnson v. State, 
68 S.W.3d 644, 654
 
(Tex. Crim. App. 2002) (holding officer’s representation that defendant’s cooperation would be conveyed to the court was not promise inducing confession); 
Roberts v. State
, 545 S.W.2d 157, 161 (Tex. Crim. App. 1977) (holding husband’s confession that drugs belonged to him, not wife, was not involuntary even though it resulted in wife’s release from jail).

Giving, as we must, almost total deference to the trial court's determination of historical facts that Campbell was Mirandized, waived his rights, and made his statement without any compulsion or persuasion, we cannot conclude that the trial court abused its discretion in deciding that Campbell’s statement was voluntary and was not induced by a promise from Officer Law.  We overrule Campbell’s second point.

V. Ineffective Assistance of Counsel Claim

In his third point, Campbell contends his trial counsel was ineffective in failing to request that the trial court charge the jury on the voluntariness of his statement.  
We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
appellant must show that his
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

Article 38.22, section 6, provides in pertinent part that the voluntariness of a statement of an accused may be put to the jury 
if the evidence raises the issue
.  
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 6; 
Janecka
, 937 S.W.2d at 471-72.  In that event, the jury shall be instructed not to consider the statement for any purpose unless it believes beyond a reasonable doubt that the statement was voluntary.  
Id
.  Raising an issue as to the voluntariness of a confession means that some evidence must be presented to the jury that the defendant’s confession was not given voluntarily.  
Hernandez v. State
, 819 S.W.2d 806, 812 (Tex. Crim. App. 1991), 
cert. denied
, 504 U.S. 974 (1992).

The State alleges that no factual dispute existed before the jury about the voluntariness of Campbell’s statement, so Campbell was not entitled to a voluntariness instruction.  We agree.  Campbell does not dispute that he was Mirandized.  Nor does he dispute that he waived his rights.  The words spoken by Officer Law are not in dispute.  Officer Law admitted mentioning Alvarez’s name.  No version of facts, other than that testified to by Officer Law, was presented to the jury.  Consequently, Campbell was not entitled to a jury instruction on the voluntariness of his statement.  
See, e.g., Butler v. State
, 872 S.W.2d 227, 236 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1157 (1995) (holding that there was no evidence placing the issue of voluntariness of the confession before the jury so the trial court did not err by denying defendant’s request for a voluntariness instruction).  Because Campbell was not entitled to a jury instruction on the voluntariness of his statement, as a matter of law his trial counsel’s conduct in failing to request such an instruction does not constitute deficient performance.  Campbell cannot meet the first 
Strickland
 prong.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064
.  Accordingly, we overrule his third pont.

VI. Conclusion

Having overruled all of Campbell’s points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED JANUARY 9, 2003]