COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-044-CR
FREDDIE L. CAMPBELL, III       
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS                                                                            
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
------------
OPINION
------------
I. Introduction
A jury found Appellant Freddie L. Campbell, III ("Campbell") guilty
of possession of a controlled substance with intent to deliver, and the trial
court assessed his punishment at sixteen years' confinement. In three points on
appeal, Campbell argues that the trial court erroneously denied his request for
a lesser included offense instruction and his motion to suppress his written
confession and that his trial counsel was ineffective. We will affirm.
II. Background Facts
On June 15, 2000, Fort Worth Police Officer Robin Moore stopped a maroon
Cadillac because it had an expired dealer's tag. A driver's license check on the
driver, Veronica Alvarez, revealed an outstanding warrant for her arrest. Moore
arrested Alvarez and asked whether the Cadillac could be released to her
passenger, Campbell. Alvarez consented, so Moore requested Campbell's driver's
license. Moore checked Campbell's license and discovered an active warrant for
Campbell's arrest. Moore arrested Campbell and, when assistance arrived, placed
Alvarez and Campbell in separate patrol cars for transport to jail.
Officer Moore inventoried the Cadillac's contents. He found a black backpack
with the name "Johnny Gonzalez" written on it lying on the Cadillac's
back seat, behind the front passenger seat that Campbell had occupied. The
backpack contained "smelly" men's clothing and a "smelly"
beach towel, a cell phone and charger, a pager, and a small daytime organizer.
Inside the organizer, Moore found two baggies containing what was later
determined to be 8.64 grams of methamphetamine, several small empty baggies, a
set of small scales, two syringes, a tourniquet, and a small address book. When
Moore found these items, Alvarez became hysterical and claimed that the backpack
and its contents did not belong to her. At this point, according to Alvarez,
Campbell admitted, "Yes, that's my stuff."
Officer John Law, who was assisting Moore at the scene, read Campbell his
rights and asked Campbell whether he would make a statement. Campbell agreed and
wrote a statement at the scene explaining that Alvarez "knew nothing of the
things I had in my bag, any drugs or otherwise." He continued: "[t]his
stuff is for my use, not any other reason than that. I had bought the meth
before her picking [sic] me up."
At trial, Campbell denied that the backpack or its contents belonged to him.
He said the items belonged to his estranged wife who dealt drugs with Alvarez
and her ex-husband. He claimed Alvarez told him that his wife left the backpack
in the Cadillac. Campbell admitted that the phone, pager and address book
belonged to him, but claimed that Officer Moore was lying about discovering them
inside the backpack with the drugs. He said these items were simply lying on the
Cadillac's front seat. Campbell claimed his statement that Alvarez knew nothing
of the drugs and that the drugs and drug paraphernalia were his was false. He
said he lied because he was afraid of Alvarez's husband, he wanted to spare
Alvarez's four children, and he was reluctant to implicate his own wife for the
sake of his stepson.
Campbell testified that he did possess less than one gram of methamphetamine
on the day of the offense--in his toolbox in his car at the motel where Alvarez
picked him up. Campbell acknowledged that the police never found the drugs in
his toolbox and implied that he retrieved them upon his release from jail.
III. Lesser Included Offense Instruction
In his first point, Campbell complains that the trial court erred by refusing
to charge the jury on the lesser included offense of possession of under one
gram of methamphetamine. The State counters that the trial court properly
refused to charge the jury on a lesser included offense because the lesser
offense Campbell admitted, possession of less than one gram of methamphetamine
in a toolbox somewhere, is not encompassed within the proof necessary to
establish the charged offense.
To determine whether a jury must be charged on a lesser included offense, we
apply a two-step analysis. Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim.
App. 1998). The first step is to decide whether the offense is a "lesser
included offense" as defined in article 37.09 of the code of criminal
procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore,
969 S.W.2d at 8. A lesser included offense is defined both in terms of the
offense charged and the facts of the case: "An offense is a lesser included
offense if . . . it is established by proof of the same or less than all the
facts required to establish the commission of the offense charged." Tex.
Code Crim. Proc. Ann. art. 37.09(1). Therefore, our analysis of whether an
offense is a lesser included offense of the charged offense must be made on a
case-by-case basis. Bartholomew v. State, 871 S.W.2d 210, 212 (Tex.
Crim. App. 1994); Day v. State, 532 S.W.2d 302, 315-16 (Tex. Crim. App.
1976) (op. on reh'g). It does not matter if the charged offense can be
established on a theory that does not contain the lesser offense; the issue is
whether proof of the charged offense, in this case, actually included
proof of the lesser included offense as defined in article 37.09. Schweinle
v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996); Broussard v. State,
642 S.W.2d 171, 173 (Tex. Crim. App. 1982). The second step in determining
whether a lesser included offense should be given requires an evaluation of the
evidence to determine whether there is some evidence that would permit a
rational jury to find that the defendant is guilty only of the lesser offense. Moore,
969 S.W.2d at 8.
Campbell contends that because he denied ownership of the drugs found in the
backpack, yet admitted to having less than one gram of methamphetamine secreted
in a toolbox not located in the Cadillac, he was entitled to an instruction on
possession of under one gram of methamphetamine as a lesser included offense.
Campbell was charged with possession with intent to deliver methamphetamine in
an amount greater than 4 grams but less than 200 grams. The charged offense
stemmed from the presence of 8.64 grams of methamphetamine inside a black
backpack located in the backseat of Alvarez's vehicle.
To prove the charged offense, the State presented evidence linking Campbell
to the backpack and its contents. Alvarez testified that Campbell entered her
vehicle carrying the backpack. Moore discovered the backpack within reach of
where Campbell had been sitting in the car. The backpack was labeled with
Campbell's stepson's name, "Johnny Gonzalez," and its contents
included an address book, phone, and pager, items Campbell admitted belonged to
him. Proof of the charged offense required no evidence that Campbell possessed
less than a gram of methamphetamine in a toolbox at a separate location. Based
on the facts of this case, possession of less than one gram of methamphetamine
was not a lesser included offense of the charged offense. See Jacob v. State,
892 S.W.2d 905, 908 (Tex. Crim. App. 1995) (holding aggravated assault was not
lesser included offense of burglary with intent to commit aggravated assault
under facts of case). The purported lesser included offense here does not come
within article 37.09. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981). Thus,
it does not meet the first step of the two-step lesser included offense test. See
Moore, 969 S.W.2d at 8. We hold that the trial court did not err in
refusing to submit Campbell's requested lesser included offense instruction. We
overrule Campbell's first point.
IV. Motion to Suppress Campbell's Written Confession
In his second point, Campbell complains the trial court erred by overruling
his motion to suppress his confession--the written statement he made at the
scene. Specifically, Campbell complains that his statement was induced by a
promise because Officer Law told him that unless he accepted responsibility for
the backpack, Alvarez would be charged with the offense. The State contends no
evidence exists that investigating officers promised any benefit to Campbell
sufficient to induce him to confess to a felony offense he did not commit.
We review the denial of a motion to suppress by giving almost total deference
to a trial court's determination of historical facts and reviewing de novo the
court's application of the law. Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000). When the trial court does not make explicit findings of
historical facts, we review the evidence in the light most favorable to the
trial court's ruling. Id. at 327-28. In determining whether a trial
court's decision is supported by the record, we generally consider only evidence
adduced at the suppression hearing because the ruling was based on it rather
than evidence introduced later. Rachal v. State, 917 S.W.2d 799, 809
(Tex. Crim. App.), cert. denied, 519 U.S. 1043 (1996). However, this
general rule is inapplicable where the suppression issue has been consensually
relitigated by the parties during trial on the merits. Id. Where the
State raises the issue at trial either without objection or with subsequent
participation in the inquiry by the defense, the defendant has made an election
to re-open the evidence, and consideration of relevant trial testimony is also
appropriate in our review. Id.
Here, at trial the State questioned Officer Law concerning the statements he
made to Campbell regarding the making of a statement. The defense participated
in the inquiry into the voluntariness of Campbell's statement by cross-examining
Officer Law on his comments to Campbell and his utilization of Alvarez's name.
Thus, the issue was relitigated, and in reviewing the trial court's ruling on
Campbell's motion to suppress, we will consider the evidence and testimony
presented at the suppression hearing and at trial. See id.
A statement of an accused may be used as evidence against him "if it
appears that the same was freely and voluntarily made without compulsion or
persuasion." Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 1979).
Statements induced by a promise are considered involuntary under article 38.21. Muniz
v. State, 851 S.W.2d 238, 254 (Tex. Crim. App.), cert. denied, 510
U.S. 837 (1993); Jacobs v. State, 787 S.W.2d 397, 399 (Tex. Crim.
App.), cert. denied, 498 U.S. 882 (1990). In order to induce the
confession, the promise must be (1) positive, (2) made or sanctioned by someone
in authority, and (3) of such an influential nature that a defendant would speak
untruthfully in response thereto. Janecka v. State, 937 S.W.2d 456, 466
(Tex. Crim. App. 1996), cert. denied, 522 U.S. 825 (1997); Muniz,
851 S.W.2d at 254; Freeman v. State, 723 S.W.2d 727, 730 (Tex. Crim.
App. 1986). Additionally, the statement must not have been obtained by the
influence of hope or fear, applied by a third person to the prisoner's mind. Creager
v. State, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). The ultimate question
is whether appellant's will was overborne. Id.
The trial court denied Campbell's motion to suppress. Later, the trial court
filed findings of fact and conclusions of law finding that Campbell was
Mirandized, that he waived his rights and agreed to give a statement, that no
promises, threats, coercion or force was used to obtain Campbell's statement,
and that the statement was freely and voluntarily given.
Officer Law testified at the suppression hearing and at trial that he gave
Campbell a statement form with the Miranda warnings printed at the top,
verbally Mirandized Campbell, and confirmed that Campbell understood his rights.
Officer Law told Campbell he thought the drugs belonged to Campbell because of
the men's clothing in the backpack. Officer Law then admonished Campbell that
"if [the contraband] was his, that - - and possibly Ms. Alvarez being
charged with the crime along with him; if it was his, to stand up, do the right
thing and tell us that it was [his]." Officer Law said he made no promises
or threats to Campbell and offered Campbell nothing in return for his statement.
Campbell agreed to waive his rights and to provide a statement.
Officer Law removed Campbell's handcuffs and placed the statement form on the
trunk of the patrol car, where Campbell wrote out and signed his statement.
Corporal Nassie, Officer Law's supervisor, witnessed and signed Campbell's
statement at the scene. Corporal Nassie confirmed Officer Law's testimony
regarding the verbal exchange leading up to Campbell's statement, although he
did not recall Officer Law mentioning Alvarez's name.
Campbell testified that one of the reasons he made the statement was that
Officer Law "indicated that if [he] didn't cop to the backpack that
[Alvarez] would be arrested for it." On cross-examination, Campbell
admitted that he had received Miranda warnings in the past and given
statements to the police prior to this arrest. He confirmed that he was informed
of, understood, and freely and voluntarily waived his rights on this occasion.
He further said he gave the statement voluntarily and did not expect to obtain
any personal benefit from it, although he "was trying to help [Alvarez]
out" because she had nothing to do with the offense. He agreed that Officer
Law did not promise that Alvarez would not go to jail for her outstanding
warrants, but indicated that she would not be arrested for the drug offense:

     [PROSECUTOR:] So if you told them that the truth, which
 was that she had nothing [to] do with the drug offense, that they would not
 charge her for an offense she was not guilty of? Is that what [Law] told you?
     [DEFENDANT:] Right.

Officer Law's comments to Campbell were made by a person in authority, but
they did not confer any benefit on Campbell. See Bordman v. State, 56
S.W.3d 63, 69 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd)
(holding promise that appellant's confession would "cleanse him" did
not confer any benefit on appellant). Officer Law's comments were simply not of
the type likely to make Campbell believe that his condition would be bettered by
making a confession, even a false confession. See Janecka, 937 S.W.2d
at 466; Bordman, 56 S.W.3d at 69. Officer Law's admonition to Campbell
to "do the right thing" did not amount to a promise, a threat, or the
use of coercion, or force to obtain the statement. Bordman, 56 S.W.3d
at 69. Morever, Officer Law's comment that if Campbell did not "do the
right thing" and admit the drugs belonged to him, if in fact they did, then
a possibility existed that Alvarez would also be charged with the offense, does
not constitute a promise, a threat, or the use of coercion or force to obtain
the statement. See, e.g., Johnson v. State, 68 S.W.3d 644, 654 (Tex.
Crim. App. 2002) (holding officer's representation that defendant's cooperation
would be conveyed to the court was not promise inducing confession); Roberts
v. State, 545 S.W.2d 157, 161 (Tex. Crim. App. 1977) (holding husband's
confession that drugs belonged to him, not wife, was not involuntary even though
it resulted in wife's release from jail).
Giving, as we must, almost total deference to the trial court's determination
of historical facts that Campbell was Mirandized, waived his rights, and made
his statement without any compulsion or persuasion, we cannot conclude that the
trial court abused its discretion in deciding that Campbell's statement was
voluntary and was not induced by a promise from Officer Law. We overrule
Campbell's second point.
V. Ineffective Assistance of Counsel Claim
In his third point, Campbell contends his trial counsel was ineffective in
failing to request that the trial court charge the jury on the voluntariness of
his statement. We apply a two-pronged test to ineffective assistance of counsel
claims. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). First, appellant must show that his counsel's
performance was deficient; second, appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064.
Article 38.22, section 6, provides in pertinent part that the voluntariness
of a statement of an accused may be put to the jury if the evidence raises
the issue. Tex. Code Crim. Proc. Ann. art. 38.22, § 6; Janecka,
937 S.W.2d at 471-72. In that event, the jury shall be instructed not to
consider the statement for any purpose unless it believes beyond a reasonable
doubt that the statement was voluntary. Id. Raising an issue as to the
voluntariness of a confession means that some evidence must be presented to the
jury that the defendant's confession was not given voluntarily. Hernandez v.
State, 819 S.W.2d 806, 812 (Tex. Crim. App. 1991), cert. denied,
504 U.S. 974 (1992).
The State alleges that no factual dispute existed before the jury about the
voluntariness of Campbell's statement, so Campbell was not entitled to a
voluntariness instruction. We agree. Campbell does not dispute that he was
Mirandized. Nor does he dispute that he waived his rights. The words spoken by
Officer Law are not in dispute. Officer Law admitted mentioning Alvarez's name.
No version of facts, other than that testified to by Officer Law, was presented
to the jury. Consequently, Campbell was not entitled to a jury instruction on
the voluntariness of his statement. See, e.g., Butler v. State, 872
S.W.2d 227, 236 (Tex. Crim. App. 1994), cert. denied, 513 U.S. 1157
(1995) (holding that there was no evidence placing the issue of voluntariness of
the confession before the jury so the trial court did not err by denying
defendant's request for a voluntariness instruction). Because Campbell was not
entitled to a jury instruction on the voluntariness of his statement, as a
matter of law his trial counsel's conduct in failing to request such an
instruction does not constitute deficient performance. Campbell cannot meet the
first Strickland prong. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. Accordingly, we overrule his third pont.
VI. Conclusion
Having overruled all of Campbell's points, we affirm the trial court's
judgment.
 
SUE WALKER
JUSTICE
 
PANEL B: HOLMAN, GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED JANUARY 9, 2003]