Robby Lee Essary v. The State of Texas

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-261-CR

ROBBY LEE ESSARY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Appellant Robby Lee Essary of aggravated robbery with a deadly weapon and assessed his punishment at 45 years’ confinement.  In five points, Essary complains that the trial court erred by admitting certain exhibits, by denying his motion for a directed verdict, by denying his request for a lesser-included charge on robbery, and that the evidence is insufficient to support his conviction.  We will affirm.

II.  
Background Facts

One night, Essary, who was a regular customer at a Quick Sak, entered the store, put a knife into the back of employee Victor Ray Murrey, and ordered Murrey to turn over all of the money from the cash register.  Murrey complied, Essary stuffed the bills into his left coat pocket and fled.  The robbery was captured on the store’s video surveillance camera.  Murrey and Shannon Vonck, the other Quick Sak employee present during the robbery, locked the store and called the police.

Fort Worth Police Officer Paul Genualdo responded to the call.  When he arrived at the Quick Sak and discovered that the robber had fled on foot, he requested assistance from Air One, a police helicopter.  A short time later, the police, assisted by the Air One helicopter, discovered Essary running near the Trinity River levee.  The chase and capture of Essary was captured on a video camera mounted in the Air One helicopter.  Police apprehended Essary and, upon searching him, discovered cash and a knife in his pockets. 

By chance, a video crew for the television show “COPS” was riding with Officer Genualdo when he responded to the call from Quick Sak.  The “COPS” video crew made a video tape of the events occurring that night, including Officer Genualdo’s interview of Murrey and Vonck at the scene and the search of Essary after his arrest.

III.  Admission of Video Tapes

In his first two points, Essary claims that the trial court erred by admitting State’s Exhibits 21(the store video tape), 22 (the Air One video tape), and 23 (the “COPS” video tape).  We review the trial court’s decision to admit or exclude evidence under an abuse of discretion standard.  
Burden v. State, 
55 S.W.3d 608, 615 (Tex. Crim. App. 2001); 
Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Montgomery v. State
, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990).  The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse.  
Montgomery
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  We will not reverse a trial court’s ruling on the admission of evidence as long as the ruling is within the zone of reasonable disagreement.  
Id.

In his first point, Essary claims that these video tapes were not admissible under Texas Rule of Evidence 403 at the guilt-innocence phase of trial.  The State points out that if a verbal description of an object or scene is admissible, then a photograph or videotape of that object or scene also is generally admissible.  
Yates v. State
, 941 S.W.2d 357, 368 (Tex. App.—Waco 1997, pet. ref’d).  Because the video tapes proved a perspective that is different from testimony or still photographs, they are generally not excluded as cumulative. 
Ripkowski v. State
, 61 S.W.3d 378, 392 (Tex. Crim. App. 2001), 
cert. denied
, ___ S. Ct. ___ 2003 WL 1344861 (U.S. June 9, 2003) (No. 02-9476).  We have reviewed the tapes and we cannot conclude that the trial court acted outside the zone of reasonable disagreement by admitting the video tapes.  We overrule Essary’s first point.

In his second point, Essary contends that the trial court erred by admitting the “COPS” video tape with limitations instead of excluding the entire tape.  The record reflects that Officer Genualdo made some verbal comments for the benefit of the filming of the “COPS” television show during the video taped events.  The trial court recognized this fact and required that the audio component of the “COPS” video tape be eliminated from selected portions of the tape before it could be played for the jury.  Specifically, the trial court ruled:

[T]he Court’s had an opportunity to review again State’s Exhibit No. 23, and there’s been some discussion about playing the tape in it’s entirety but with the audio portion only on for the first 30 seconds.  Then the audio would be off from 30 seconds to one minute one second, and then the audio would be on from 1:01 through two minutes ten seconds, and then off for the remaining portion of the tape so that there would be two portions of audio, the first 30 seconds and then from one minute one second to two minutes ten seconds.

Nothing in the record indicates that the “COPS” video tape was not muted as ordered by the trial court.  Instead, Essary argues that this limiting order concerning the admissibility of audio portions of the “COPS” video is confusing, misleading, and prejudiced him.  Essary does not specify how the video is confusing, misleading, or improperly prejudicial.  We have reviewed the “COPS” video tape, and we cannot conclude that the trial court acted outside the zone of reasonable disagreement by admitting the “COPS” video tape with the indicated audio redactions.  We overrule Essary’s second point.

IV.  Legal Sufficiency of the Evidence

In his third point, Essary asserts that the trial court erred by overruling his motion for a directed verdict.  And, in his fifth point, Essary contends that the evidence is legally insufficient to support his conviction.  
A challenge to the denial of a motion for instructed verdict is actually a challenge to the legal sufficiency of the evidence.  
Madden v. State
, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990), 
cert. denied
, 499 U.S. 954 (1991); 
Thornton v. State
, 994 S.W.2d 845, 849 (Tex. App.—Fort Worth 1999, pet. ref’d).
  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder. 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

Essary contends that the evidence is legally insufficient to show that he acted with the intent to obtain and maintain control over property or that he threatened or placed the victim in fear.  Murrey and Vonck, however, recognized Essary during the robbery.  Murrey testified that Essary put a knife to his back and demanded money from the cash register.  Murrey’s description of the events matched the events recorded on Quick Sak’s security camera. Murrey testified that he feared death or serious bodily injury.  Essary’s flight and capture were recorded on the “COPS” video tape, and police found the knife and cash in his left front pocket when they apprehended him.  Applying the appropriate standard of review, we hold that the evidence is legally sufficient to support Essary’s conviction for aggravated robbery.  We overrule his third and fifth points.

V.  Lesser Included Offense of Robbery

In his fourth point, Essary claims that the trial court erred by refusing to charge the jury on the lesser included offense of robbery.  Specifically, he contends he was entitled to a charge on the lesser included offense of robbery. 
To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  
A lesser included offense is defined both in terms of the offense charged and the facts of the case: “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
.
 art. 37.09(1).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis. 
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether proof of the charged offense, in 
this
 case, actually included proof of the lesser included offense as defined in article 37.09. 
 Schweinle v. State,
 915 S.W.2d 17, 18 (Tex. Crim. App. 1996); 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).

Here, as the State points out, there is no evidence that Essary did not use

a knife during the robbery.  Murrey and Vonck both testified that Essary had a knife when he robbed the Quick Sak.  The video tape from the store’s surveillance camera shows Essary with a knife.  Police found a knife in Essary’s pocket when they arrested him.  In short, because there is no evidence that Essary did not use a knife, there is no evidence that Essary is guilty of only the lesser included offense of robbery.  
See Bignall v. State
, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)
.  Consequently, the trial court did not err by refusing to charge the jury on the lesser included offense of robbery.  We overrule Essary’s fourth point. 

VI.  Conclusion

Having overruled each of Essary’s five points, we affirm the judgment of the trial court.

PER CURIAM

PANEL F: WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 19, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.