COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-261-CR
 
ROBBY LEE ESSARY    
                                                        APPELLANT
V.
THE STATE OF TEXAS    
                                                        STATE
------------
FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
       
A jury convicted Appellant Robby Lee Essary of aggravated robbery with a deadly
weapon and assessed his punishment at 45 years' confinement. In five points,
Essary complains that the trial court erred by admitting certain exhibits, by
denying his motion for a directed verdict, by denying his request for a
lesser-included charge on robbery, and that the evidence is insufficient to
support his conviction. We will affirm.
II. Background
Facts
       
One night, Essary, who was a regular customer at a Quick Sak, entered the store,
put a knife into the back of employee Victor Ray Murrey, and ordered Murrey to
turn over all of the money from the cash register. Murrey complied, Essary
stuffed the bills into his left coat pocket and fled. The robbery was captured
on the store's video surveillance camera. Murrey and Shannon Vonck, the other
Quick Sak employee present during the robbery, locked the store and called the
police.
       
Fort Worth Police Officer Paul Genualdo responded to the call. When he arrived
at the Quick Sak and discovered that the robber had fled on foot, he requested
assistance from Air One, a police helicopter. A short time later, the police,
assisted by the Air One helicopter, discovered Essary running near the Trinity
River levee. The chase and capture of Essary was captured on a video camera
mounted in the Air One helicopter. Police apprehended Essary and, upon searching
him, discovered cash and a knife in his pockets.
       
By chance, a video crew for the television show "COPS" was riding with
Officer Genualdo when he responded to the call from Quick Sak. The
"COPS" video crew made a video tape of the events occurring that
night, including Officer Genualdo's interview of Murrey and Vonck at the scene
and the search of Essary after his arrest.
III. Admission
of Video Tapes
       
In his first two points, Essary claims that the trial court erred by admitting
State's Exhibits 21(the store video tape), 22 (the Air One video tape), and 23
(the "COPS" video tape). We review the trial court's decision to admit
or exclude evidence under an abuse of discretion standard. Burden v. State, 55
S.W.3d 608, 615 (Tex. Crim. App. 2001); Green v. State, 934 S.W.2d 92,
101-02 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997); Montgomery
v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). The test for abuse
of discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court's action; rather, it is a
question of whether the court acted without reference to any guiding rules or
principles, and the mere fact that a trial court may decide a matter within its
discretionary authority differently than an appellate court does not demonstrate
such an abuse. Montgomery, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
(op. on reh'g). We will not reverse a trial court's ruling on the admission of
evidence as long as the ruling is within the zone of reasonable disagreement. Id.
       
In his first point, Essary claims that these video tapes were not admissible
under Texas Rule of Evidence 403 at the guilt-innocence phase of trial. The
State points out that if a verbal description of an object or scene is
admissible, then a photograph or videotape of that object or scene also is
generally admissible. Yates v. State, 941 S.W.2d 357, 368 (Tex.
App.--Waco 1997, pet. ref'd). Because the video tapes proved a perspective that
is different from testimony or still photographs, they are generally not
excluded as cumulative. Ripkowski v. State, 61 S.W.3d 378, 392 (Tex.
Crim. App. 2001), cert. denied, ___ S. Ct. ___ 2003 WL 1344861 (U.S.
June 9, 2003) (No. 02-9476). We have reviewed the tapes and we cannot conclude
that the trial court acted outside the zone of reasonable disagreement by
admitting the video tapes. We overrule Essary's first point.
       
In his second point, Essary contends that the trial court erred by admitting the
"COPS" video tape with limitations instead of excluding the entire
tape. The record reflects that Officer Genualdo made some verbal comments for
the benefit of the filming of the "COPS" television show during the
video taped events. The trial court recognized this fact and required that the
audio component of the "COPS" video tape be eliminated from selected
portions of the tape before it could be played for the jury. Specifically, the
trial court ruled:

        
 [T]he Court's had an opportunity to review again State's Exhibit No. 23, and
 there's been some discussion about playing the tape in it's entirety but with
 the audio portion only on for the first 30 seconds. Then the audio would be
 off from 30 seconds to one minute one second, and then the audio would be on
 from 1:01 through two minutes ten seconds, and then off for the remaining
 portion of the tape so that there would be two portions of audio, the first 30
 seconds and then from one minute one second to two minutes ten seconds.

Nothing
in the record indicates that the "COPS" video tape was not muted as
ordered by the trial court. Instead, Essary argues that this limiting order
concerning the admissibility of audio portions of the "COPS" video is
confusing, misleading, and prejudiced him. Essary does not specify how the video
is confusing, misleading, or improperly prejudicial. We have reviewed the
"COPS" video tape, and we cannot conclude that the trial court acted
outside the zone of reasonable disagreement by admitting the "COPS"
video tape with the indicated audio redactions. We overrule Essary's second
point.
IV. Legal
Sufficiency of the Evidence
       
In his third point, Essary asserts that the trial court erred by overruling his
motion for a directed verdict. And, in his fifth point, Essary contends that the
evidence is legally insufficient to support his conviction. A challenge to the
denial of a motion for instructed verdict is actually a challenge to the legal
sufficiency of the evidence. Madden v. State, 799 S.W.2d 683, 686 (Tex.
Crim. App. 1990), cert. denied, 499 U.S. 954 (1991); Thornton v.
State, 994 S.W.2d 845, 849 (Tex. App.--Fort Worth 1999, pet. ref'd). In
reviewing the legal sufficiency of the evidence to support a conviction, we view
all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55
S.W.3d 608, 612 (Tex. Crim. App. 2001). This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When
performing a legal sufficiency review, we may not sit as a thirteenth juror,
re-evaluating the weight and credibility of the evidence and, thus, substituting
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
       
Essary contends that the evidence is legally insufficient to show that he acted
with the intent to obtain and maintain control over property or that he
threatened or placed the victim in fear. Murrey and Vonck, however, recognized
Essary during the robbery. Murrey testified that Essary put a knife to his back
and demanded money from the cash register. Murrey's description of the events
matched the events recorded on Quick Sak's security camera. Murrey testified
that he feared death or serious bodily injury. Essary's flight and capture were
recorded on the "COPS" video tape, and police found the knife and cash
in his left front pocket when they apprehended him. Applying the appropriate
standard of review, we hold that the evidence is legally sufficient to support
Essary's conviction for aggravated robbery. We overrule his third and fifth
points.
V. Lesser
Included Offense
of Robbery
       
In his fourth point, Essary claims that the trial court erred by refusing to
charge the jury on the lesser included offense of robbery. Specifically, he
contends he was entitled to a charge on the lesser included offense of robbery.
To determine whether a jury must be charged on a lesser included offense, we
apply a two-step analysis. Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim.
App. 1998). The first step is to decide whether the offense is a "lesser
included offense" as defined in article 37.09 of the code of criminal
procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore,
969 S.W.2d at 8. A lesser included offense is defined both in terms of the
offense charged and the facts of the case: "An offense is a lesser included
offense if . . . it is established by proof of the same or less than all the
facts required to establish the commission of the offense charged." Tex.
Code Crim. Proc. Ann. art. 37.09(1). Therefore, our analysis of whether an
offense is a lesser included offense of the charged offense must be made on a
case-by-case basis. Bartholomew v. State, 871 S.W.2d 210, 212 (Tex.
Crim. App. 1994); Day v. State, 532 S.W.2d 302, 315-16 (Tex. Crim. App.
1976) (op. on reh'g). It does not matter if the charged offense can be
established on a theory that does not contain the lesser offense; the issue is
whether proof of the charged offense, in this case, actually included
proof of the lesser included offense as defined in article 37.09. Schweinle
v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996); Broussard v. State,
642 S.W.2d 171, 173 (Tex. Crim. App. 1982).
       
Here, as the State points out, there is no evidence that Essary did not use a
knife during the robbery. Murrey and Vonck both testified that Essary had a
knife when he robbed the Quick Sak. The video tape from the store's surveillance
camera shows Essary with a knife. Police found a knife in Essary's pocket when
they arrested him. In short, because there is no evidence that Essary did not
use a knife, there is no evidence that Essary is guilty of only the lesser
included offense of robbery. See Bignall v. State, 887 S.W.2d 21, 23
(Tex. Crim. App. 1994). Consequently, the trial court did not err by refusing to
charge the jury on the lesser included offense of robbery. We overrule Essary's
fourth point.
VI. Conclusion
       
Having overruled each of Essary's five points, we affirm the judgment of the
trial court.
 
   
                                                        PER
CURIAM
 
PANEL F: WALKER, HOLMAN, and
GARDNER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 19, 2003

1. See Tex. R. App. P. 47.4.