Dwayne Arthur HAM, Appellant,

v.

The STATE of Texas, State.

No. 2–91–268–CR.

Court of Appeals of Texas,
Fort Worth.

June 2, 1993.

Rehearing Overruled June 29, 1993.

Richard Alley, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty.; C. Chris Marshall, Asst. Crim. Dist. Atty.; Steven W. Conder, Asst. Crim. Dist. Atty.; Lisa Mullen, Asst. Crim. Dist. Atty.; Jamie Cummings, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before LATTIMORE and DAY, JJ., and CLYDE R. ASHWORTH, J., (Retired, Sitting by Assignment).

## OPINION

LATTIMORE, Justice.

This is an appeal by Dwayne Arthur Ham from a conviction, under TEX.PENAL CODE ANN. § 20.04 (Vernon 1989), for the aggravated kidnapping of Lynette Ann Pike. Punishmant was assessed at fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice.

We affirm.

Ham's first point of error states that, "There is insufficient evidence to sustain the verdict of guilt." Ham's briefing of this point consists of a detailed summary of the evidence presented at trial and the following argument:

> Where as here there are conflic[t]ing inferences of guilt[1] the finding of the jury is not rational where such inference[s] other than guilt remain outstanding. *Geesa v. State, infra.*

**232**

Harmful, reversible error is thus shown. Tex.R.App.P. 81(b)(2).

[Footnote 1:] Appellant contends that the complainant went willingly with him and that he did not attempt to prevent her escape but merely tried to keep her from jumping out of a moving car to prevent rather than cause serious injury to her. This is borne out by the fact that the Appellant casually waited for her to return by his car at her apartment complex.

■ By relying on *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991), and arguing that we should use the "reasonable hypothesis analytical construct"[1] in reviewing the sufficiency of the evidence in this case, Ham apparently assumes the jury's verdict was based on circumstantial evidence. Our review of the record, however, reveals that Pike's testimony supplied the jury with direct evidence that Ham was guilty of aggravated kidnapping. The "reasonable hypothesis analytical construct" is not applicable when there is direct evidence of a defendant's guilt. *See Rivera v. State*, 808 S.W.2d 80, 92 (Tex. Crim.App.), *cert. denied*, —— U.S. ——, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991).

Instead, the correct analytical approach requires that we determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Blankenship v. State*, 780 S.W.2d 198, 206–07 (Tex.Crim.App.1988) (opinion on reh'g) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). If there is evidence which establishes the defendant's guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the jury's verdict on sufficiency of the evidence grounds. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim. App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

A person commits the offense of aggravated kidnapping if he "intentionally or knowingly abducts another person with the intent to ... inflict bodily injury on him ... [or] terrorize him." Tex.Penal Code Ann. § 20.04(a)(4), (5) (Vernon 1989). "Abduct" means to restrain a person with intent to prevent his liberation by either secreting or holding him in a place where he is not likely to be found, or using or threatening to use deadly force. Tex.Penal Code Ann. § 20.01(2) (Vernon 1989). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Tex.Penal Code Ann. § 20.01(1) (Vernon 1989). Restraint is "without consent" if it is accomplished by force, intimidation, or deception. Tex.Penal Code Ann. § 20.-01(1)(A) (Vernon 1989). "Bodily injury" means physical pain, illness, or any other impairment of physical condition. Tex.Penal Code Ann. § 1.07(a)(7) (Vernon 1974). "Terrorize" means to place any person in fear of imminent bodily injury. *Arevalo v. State*, 749 S.W.2d 271, 274 (Tex.App.—San Antonio 1988, pet. ref'd).

■ At trial, Pike testified that at about 5:00 p.m. on July 28, 1990 she was by the pool at her sister-in-law's apartment complex with her sister-in-law, husband, two children, two younger brothers, and a friend of her brothers. Ham walked up to the fence and told her, in a mean voice, to "get the kids and let's go." Pike told him "no," but because she did not want any of her friends and family at the pool to get hurt she voluntarily stepped outside the gate to talk to Ham. Ham then grabbed Pike by the arm and neck and dragged her toward his car while she screamed, "Help me." Ham shoved Pike into his car while she fought back. Pike testified that she was terrified and thought that Ham was going to kill her. Pike tried to get out immediately after Ham put her in the car,

1. The "reasonable hypothesis analytical construct" is the analytical guideline used by appellate courts in reviewing *pre-Geesa* circumstantial evidence cases. *See Geesa*, 820 S.W.2d at 165. The "construct" requires that, if a conviction is to be affirmed in a circumstantial evidence case, the appellate court must find that every other reasonable hypothesis raised by the evidence is negated, save an except that establishing the guilt of the defendant. *Id.* at 158.

but he walked back around the car and pushed her back in. Ham held Pike in the car by wrapping his arm around her head while she cried and yelled for help.

Pike then testified that Ham drove around Arlington for a while with his arm wrapped around her neck. When Ham would stop the car at a red light or stop sign, Pike would try to get out and once she even grabbed the steering wheel in an attempt to attract attention. After Pike grabbed the steering wheel, Ham pulled a "locked blade" knife and told her he would hurt her if she did not stop trying to get away.

Pike testified that Ham drove the car to a park outside of Arlington's city limits where they talked for a while. Pike finally told Ham she would leave with him and they got back into the car; however, Pike never had any intention of actually leaving with Ham. They drove around some more and Ham continued to tell Pike, "To stop trying to get out." Ham then drove the car to some buildings where he stopped the car and raped her. After Ham raped Pike, he took her back to her sister-in-law's apartment complex so she could get her kids. Pike testified that she had bruises on her leg, thigh, and neck from the way Ham held her.

We hold that Pike's testimony supplied sufficient direct evidence to support the jury's finding that Ham is guilty of intentionally or knowingly abducting her with the intent to either inflict bodily injury on her or terrorize her. The first point of error is overruled.

In Ham's second and third points of error, he contends the trial court erred in failing to submit his requested charge on the law of kidnapping to the jury, and in overruling his motion for new trial which was grounded on the court's failure to submit his requested charge on the law of kidnapping to the jury.

■ The Court of Criminal Appeals has held that a defendant's requested charge on a lesser included offense is required only if: (1) the lesser included offense is included within the proof necessary to establish the offense charged; and (2) there

is some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Tompkins v. State*, 774 S.W.2d 195, 210 (Tex.Crim.App.1987), *aff'd*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981) (opinion on reh'g).

■ The State does not dispute that kidnapping is a lesser offense of aggravated kidnapping, *Rogers v. State*, 687 S.W.2d 337, 344 (Tex.Crim.App.1985), and that the first step in the analysis is thus satisfied. The State does argue, however, that the second step in the analysis is not satisfied because there is no evidence in this case that if Ham is guilty, he is guilty only of kidnapping. Ham argues, to the contrary, that the State's evidence fails to establish the aggravating elements of "inflict bodily injury" or "terrorize" and, therefore, the evidence does raise the issue that, if guilty, he is guilty only of kidnapping. Specifically, Ham asserts that:

> It is clear from the evidence that although the Appellant habitually carried a knife that the same played no role whatsoever in the events of July 28, 1990 giving rise to this offense.
>
> . . . .
>
> The complainant and the other witnesses all testified to the Appellant holding the complainant by the arm and by the neck but did not testify as to any choking occurring in this incident. Pictures of bruises were shown but these pictures do not demonstrate either death or serious bodily injuries as those terms are defined by [Tex.Penal Code Ann. § 1.07(a)(34) (Vernon 1974)].

■ We find that Pike's testimony establishes that Ham "inflict[ed] bodily injury" on her or "terrorize[d]" her. Pike testified that Ham grabbed and shoved her and that he wrapped his arm around her head. She testified that she was terrified and thought that Ham was going to kill her. She further stated that Ham pulled a "locked blade" knife and told her he would hurt her. Pike testified that she had bruises on her leg, thigh, and neck from the way Ham

held her. Finally, Pike testified that Ham raped her. Because either "inflict bodily injury" or "terrorize" is a necessary element of aggravated kidnapping, TEX.PENAL CODE ANN. § 20.04(a)(4), (5) (Vernon 1989), we hold that there is no evidence that if Ham is guilty, he is guilty only of the lesser offense of kidnapping. Ham's own testimony that Pike got in his car voluntarily, that there was not a fight, and that she was free to get out at any time is simply evidence that he committed no offense at all because, if there is consent, there can be no "abduct[ion]" under section 20.03(a). *See* TEX.PENAL CODE ANN. §§ 20.03(a), 20.01(1), (2) (Vernon 1989). A charge on the lesser offense is not required when a defendant presents evidence that he committed no offense at all. *Saunders v. State*, 840 S.W.2d 390, 392 (Tex.Crim.App.1992) (per curiam); *Rogers*, 687 S.W.2d at 345. Ham's second and third points of error are overruled.

In Ham's fourth point of error, he complains that the trial court erred in failing to define the terms "reasonable doubt" and "beyond a reasonable doubt" in the jury charge. Ham specifically argues that:

> there was no way for trial counsel to know at the time that this trial was had that the Court of Criminal Appeals of Texas would nearly two years later mandate such an instruction which had not been required in any Texas criminal trial since the time of the Republic of Texas until then. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991).

In *Geesa*, the Court of Criminal Appeals expressly held that "we adopt the new rules and apply them to the instant case and all cases tried hereafter." *Geesa*, 820 S.W.2d at 165. We question how, in the face of this holding, Ham can assert that he is entitled to the rule of *Geesa* when, in the same breath, he admits that his trial preceded *Geesa* by "nearly two years." No error is alleged by this argument. Ham's fourth point of error is overruled.

In his fifth point of error, Ham contends the trial court erred in failing to submit a definition of "kidnapping" and "deadly force" in the jury charge. We find

both contentions meritless. First, the statutory definition of "kidnapping" is wholly incorporated within the statutory definition of "aggravated kidnapping." Thus, the desired definition was effectively given. A person commits the offense of kidnapping *"if he intentionally or knowingly abducts another person"* and the offense of aggravated kidnapping *"if he intentionally or knowingly abducts another person* with the intent to: (4) inflict bodily injury on him ... [or] (5) terrorize him." TEX.PENAL CODE ANN. §§ 20.03, 20.04(a)(4), (5) (Vernon 1989) (emphasis added). Second, "deadly force" *is* defined on page two of the jury charge. Ham's fifth point of error is overruled.

The judgment of the trial court is affirmed.