COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-03-277-CR

 

 

RODERICK LAMONT BRADFORD                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.                   
Introduction

            Appellant Roderick Lamont Bradford appeals from his
conviction for capital murder.  In two
points, Appellant argues that the trial court erred by failing to charge the
jury on the lesser included offenses of aggravated robbery and robbery and by
admitting evidence of gang activity.  We
affirm.

II.                
Factual and
procedural background








            Because Appellant does not challenge the sufficiency of
the evidence, we will limit our review of the facts to those necessary to put
Appellant=s two
points in context.

A jury convicted Appellant of the March 14, 2002
shooting death of Tadese Gobena while robbing the convenience store Gobena
owned and operated on Tierney Road in Fort Worth.  Curtis Lewis testified that on the day after
the killing, Appellant told Lewis that he and Siquan ATa-Dow@ Templeton had robbed a store on
Tierney Road.  Appellant told Lewis that
he had shot the store owner in the leg and that Ta-Dow then took the gun and
shot the man two more times as he begged for his life.  








Police arrested Appellant a few days after the
shooting in connection with an unrelated incident.  When questioned about Gobena=s murder, Appellant gave police three
written statements.  In his first
statement, Appellant denied any direct knowledge of the crime and even claimed
that he did not know which convenience store had been robbed.  In his second statement,  Appellant stated that he knew Ta-Dow and
others were planning to rob a store with a handgun but denied having
participated in the crime.  In his third
statement, Appellant claimed that he was ordered by an AOG@ (Aoriginal
gangster,@ a senior
street gang member) to monitor the robbery and report back to the OG if the
perpetrators Adidn=t make it.@  Appellant claimed that he did nothing more
than watch the robbery from his car parked across the street and left when the
first police officers arrived at the crime scene.  He further claimed that he did not even know
what store was to be robbed until he saw the perpetrators enter Gobena=s store.

Eventually, a grand jury indicted Appellant for
capital murder.  His case was tried to a
jury.  The trial court charged the jury
on capital murder, murder, and the law of parties.  Appellant requested charges on the lesser
included offenses of robbery and aggravated robbery, but the trial court denied
his request.  The jury convicted
Appellant of capital murder.  At the
punishment phase of trial, the jury found mitigating circumstances that
warranted life imprisonment rather than the death penalty, and the trial court
sentenced Appellant to life in prison. 
This appeal followed.

I.                   
Discussion

            a)         Lesser included offenses

            In his first point, Appellant argues that the trial court
erred by failing to charge the jury with the lesser included offenses of
robbery and aggravated robbery.  We
disagree.








To determine whether a jury
must be charged on a lesser included offense, we apply a two-step
analysis.  Moore v. State, 969
S.W.2d 4, 8 (Tex. Crim. App. 1998).  The
first step is to decide whether the offense is a Alesser included offense@ as defined in article 37.09 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore, 969 S.W.2d
at 8.  AAn offense is a lesser included offense if . . . it is established by
proof of the same or less than all the facts required to establish the
commission of the offense charged.@  Tex. Code Crim. Proc. Ann. art. 37.09(1).  Robbery, which requires a person to
intentionally, knowingly, or recklessly cause bodily injury to another in the
course of committing theft, and aggravated robbery (which is Arobbery@ with the
additional element of use or exhibition of a deadly weapon) may be lesser
included offenses of capital murder.  Tex. Penal Code Ann '' 29.02, 29.03 (Vernon 2003); see Martinez v. State, 131 S.W.3d
22, 39 (Tex. App.CSan Antonio
2003, no pet.); Quintanilla v. State, 40 S.W.3d 576, 579 (Tex. App.CSan Antonio 2001, pet. ref=d).  Consequently, the first
prong of the test is satisfied.








Second, some evidence must
exist in the record that would permit a jury to rationally find that if the
defendant is guilty, he is guilty only of the lesser offense.  Rousseau v. State, 855 S.W.2d 666, 672‑73
(Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993); Royster v.
State, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981). The credibility of the
evidence and whether it conflicts with other evidence or is controverted may
not be considered in determining whether the lesser included offense should be
submitted.  See Gadsden v. State,
915 S.W.2d 620, 622 (Tex. App.CEl Paso 1996, no pet.). 
Regardless of its strength or weakness, if more than a scintilla of
evidence raises the issue that the defendant was guilty only of the lesser
offense, the charge must be given. Bignall v. State, 887 S.W.2d 21, 23
(Tex. Crim. App. 1994); Saunders v. State, 840 S.W.2d 390, 391 (Tex.
Crim. App. 1992).  

Nevertheless, an accused is
guilty only of a lesser included offense if there is evidence that
affirmatively rebuts or negates an element of the greater offense or if the
evidence is subject to different interpretations, one of which rebuts or
negates the crucial element.  See
Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); Ramirez v.
State, 976 S.W.2d 219, 226-27 (Tex. App.CEl Paso 1998, pet. ref=d).  It is not enough that the
jury may disbelieve crucial evidence pertaining to the greater offense.  See Skinner v. State, 956 S.W.2d 532,
543 (Tex. Crim. App. 1997), cert. denied, 523 U.S. 1079 (1998).  A charge on the lesser offense is not
required if a defendant=s evidence
suggests that he committed no offense at all. 
Saunders v. State, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992);
Ham v. State, 855 S.W.2d 231, 234 (Tex. App.CFort Worth 1993, no pet.).








Appellant relies on his third
written statement to police to justify inclusion of the lesser included
offenses of robbery and aggravated robbery in the jury charge.  According to that statement, Appellant was
ordered by the OG simply to watch the robbery and report back to the OG if the
perpetrators Adidn=t make it.@  Appellant watched the perpetrators enter and
leave the store and then left the scene. 
Significantly, nothing in Appellant=s statement suggests that he conspired to commit the crime or
participated in the robbery as a party. 
According to Appellant, he did not plan or take part in the robbery, was
not there to act as a lookout for the perpetrators, and did not help them
escape.  Appellant=s third statement does not show that, if he was guilty of anything, he
was guilty only of the lesser included offenses of robbery or aggravated
robbery; rather, according to his own statement, Appellant committed no offense
at all.  Therefore, the trial court did
not err by refusing to charge the jury on the lesser included offenses.  We overrule Appellant=s first point.

A.                
Evidence of
gang involvement

            In his second point, Appellant argues that the trial
court erred by allowing a police officer to testify about the nature,
structure, and activities of criminal street gangs generally and the ATruman Street Blood@ gang specifically.  We disagree.








We review the trial court=s decision to admit or exclude evidence under an abuse of discretion
standard.  Burden v. State, 55
S.W.3d 608, 615 (Tex. Crim. App. 2001); Green v. State, 934 S.W.2d 92,
101‑02 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997);
Montgomery v. State, 810 S.W.2d 372, 379‑80 (Tex. Crim.
App. 1990).  The test for abuse of
discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court=s action; rather, it is a question of whether the court acted without
reference to any guiding rules or principles, and the mere fact that a trial
court may decide a matter within its discretionary authority differently than
an appellate court does not demonstrate such an abuse.  Montgomery, 810 S.W.2d at 391 (op. on
reh=g).  We will not reverse a trial
court=s ruling on the admission of evidence as long as the ruling is within
the zone of reasonable disagreement.  Id.  An appellate court will uphold the trial
court=s ruling if it is reasonably supported by the record and is correct
under any theory of law applicable to the case. 
See Brito Carrasco v. State, 154 S.W.3d 127, 129 (Tex. Crim. App.
2005); Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App.
2002).  The review of the trial court=s ruling is made Ain light of what was before the trial court at the time the ruling was
made.@  See Brito Carrasco, 154
S.W.3d at 129; Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).

Evidence of gang affiliation
is relevant to show a motive for a gang-related crime.  Vasquez v. State, 67 S.W.3d 229, 239
(Tex. Crim. App. 2002).  Likewise, rule
404(b) expressly provides that evidence of other crimes may be admissible to
prove motive.  Tex. R. Evid. 404(b).








Over Appellant=s rule 403 and 404(b) objections, the trial court allowed Officer
Wafeeq Sabire of the Fort Worth Police Department=s gang unit to testify about the hierarchy of, and promotion within,
the Truman Street Bloods, a criminal street gang operating in Fort Worth.  Appellant points specifically to the following
testimony as erroneously admitted:

Q.     Can people earn what=s called stripes in a gang?

 

A.     Yes.

 

Q.     How do you earn stripes?

 

A.     Going out and committing criminal acts.  Most of those acts can be misdemeanor acts
but the OG [senior gangster] status is not claimed until you have committed an
attempted murder or murder type offense, usually a very violent offense.

 

Q.     Can it include a robbery?

 

A.     Yes. 

 

On appeal, Appellant concedes
that some testimony regarding his membership in the Truman Street Bloods
was relevant but argues that Sabire=s testimony was irrelevant and inadmissible character conformity
evidence under rule 404(b).








Several witnesses testified
that Appellant and Ta-Dow were members of the Truman Street Bloods.  Appellant himself asserted in his third
written statement that he was acting under orders from his gang=s OG.  Sabire=s testimony about gang hierarchy and promotion was not just relevant
but essential to put Appellant=s statement and the gang-related testimony of other witnesses into
context.  His testimony suggested a
motive for Gobena=s slaying
that would otherwise remain hidden.

We hold that the trial court
did not abuse its discretion by admitting Sabire=s testimony over Appellant=s relevancy and rule 404(b) objections.  We overrule Appellant=s second point.

II.                
Conclusion

            Having
overruled both of Appellant=s
points, we affirm the judgment of the trial court.  See Tex.
R. App. P. 43.2(a).

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

PUBLISH

 

DELIVERED:  November 3, 2005