COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-335-CR

 

 

CESAR DANILO VARGAS JUAREZ                                          APPELLANT

A/K/A
CESAR RAMIREZ HERNANDEZ

A/K/A
CESAR HERNANDEZ RAMIREZ

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.      Introduction








A jury convicted Appellant
Cesar Danilo Vargas Juarez, also known as Cesar Ramirez Hernandez, also known
as Cesar Hernandez Ramirez, of aggravated robbery with a deadly weapon and
assessed his punishment at twenty-two years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  In three points,
Appellant complains that:  (1) the
testimony of the accomplice was insufficiently corroborated by other evidence
to support a conviction, (2) the trial court erred by failing to submit the
lesser included offense of robbery to the jury, and (3) the trial court erred
by failing to charge the jury on the defense of necessity.  We affirm.

II.     Background








On the night of December 18,
2003, shift manager Carlos Torres closed the Baja Fresh Mexican Grill in
Southlake, Texas.  As he was attempting
to reset the alarm and leave the restaurant, he was confronted by a man with a
cover over his face.  The man was later
identified as Jose Antonio Hernandez-Hernandez (AHernandez@).  Hernandez pointed a knife at Torres and said,
A[G]ive me the money.@  As Hernandez held the knife
near Torres=s chest,
Torres opened the restaurant=s safe, and Hernandez took out all the money (about $1,200), placing
it in a nearby trash can.  Then, as both
men approached the back door exit, Hernandez asked for Torres=s money.  Torres showed
Hernandez that he had no money, only cigarettes and a cigar, which Hernandez
took as well.  After waving the knife at
Torres=s chest once again, Hernandez then ran out the back door of the
restaurant.  Immediately, Torres called
9-1-1 and reported the incident.  While
on the phone, he noticed a white car, which he described as resembling a police
car, leaving the restaurant=s parking lot and reported it to the 9-1-1 operator.  

Officer Keith Fulgium, who
was less than half of a mile from the restaurant, heard a broadcast on his
radio that a robbery had occurred at the Baja Fresh Mexican Grill and that the
perpetrator fled in a white four-door vehicle that might be a police car.  Almost immediately, Officer Fulgium observed
a white four-door car leaving from the area of the restaurant.  Except for another police car, it was the
only car on the street at the time.  The
car appeared to be speeding and then ran through a stop sign.  Officer Fulgium stopped the vehicle and
identified Appellant as the driver. 
Hernandez was sitting in the back seat along with a trash can full of
money and the pack of cigarettes and cigar in his pocket.  No knife was found.  Appellant and Hernandez were both
arrested.  

Appellant and Hernandez knew
one another from Honduras, their home country, and Hernandez had been staying
with Appellant=s family for
two or three weeks prior to the robbery. 
After both men arrived at the police station, however, the police
interrogated Appellant, and he denied knowing Hernandez. Only later, when
speaking with a detective, did he admit to knowing Hernandez. 








As part of a plea bargain,
Hernandez testified against Appellant at trial. 
Hernandez stated that Appellant helped him commit the crime by planning
everything, driving him to the restaurant, and waiting for him as he committed
the crime.  In return, Appellant was to
receive a share of the money.   

Conversely, Appellant
testified that on the night of the crime he went to the grocery store for milk
for his children.  On his way home, he
heard a loud noise and stopped to see what it was.  An unknown person then got into the back seat
of his car and told him to drive. 
Appellant testified that he could only see a shadow of the man, and he
did not recognize the man=s
voice.  He testified that he did not
recognize Hernandez until the police had stopped the car and Hernandez got out
of the back seat.  Appellant denied any
involvement in the robbery. 

After being instructed on the
law of party responsibility,[2]
the jury convicted Appellant of aggravated robbery with a deadly weapon.  His punishment was assessed at twenty-two
years= confinement in the Institutional Division of the Texas Department of
Criminal Justice. 

 

 








III.     Sufficiency of the
Non-Accomplice Evidence

In his first point, Appellant
contends that the testimony of the accomplice, Hernandez, was insufficiently corroborated
by other evidence to support a conviction. 
More specifically, Appellant argues that without the accomplice
testimony of Hernandez, there is insufficient evidence to prove that he was a
party to the aggravated robbery.

A challenge of insufficient
corroboration is not the same as a challenge of insufficient evidence to
support the judgment as a whole.  See
Cathey v. State, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999), cert.
denied, 528 U.S. 1082 (2000); Cantelon v. State, 85 S.W.3d 457, 460
(Tex. App.CAustin 2002,
no pet.).  The accomplice-witness rule is
a statutorily imposed sufficiency review that is not derived from federal or
state constitutional principles that define the legal and factual sufficiency
standards.  Cathey, 992 S.W.2d at
462-63.  Article 38.14 of the code of
criminal procedure provides that

[a]
conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the
offense committed; and the corroboration is not sufficient if it merely shows
the commission of the offense.

 








Tex. Code Crim. Proc.
Ann. art. 38.14 (Vernon 2005).  In conducting a sufficiency review under the
accomplice-witness rule, the reviewing court must eliminate the accomplice
testimony from consideration and then examine the remaining portions of the
record to ascertain if there is any evidence that tends to connect the accused
with the commission of the crime.  Solomon
v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001);  Hernandez v. State, 939 S.W.2d 173, 176
(Tex. Crim. App. 1997).  ATendency to connect@ rather than rational sufficiency is the standard:  the corroborating evidence need not be
sufficient by itself to establish guilt beyond a reasonable doubt.  Solomon, 49 S.W.3d at 361; Cathey,
992 S.W.2d at 462.  Nor is it necessary
for the corroborating evidence to directly link the accused to the commission
of the offense.  Cathey, 992
S.W.2d at 462.  To satisfy the
accomplice-witness rule there simply needs to be other evidence tending to
connect the accused to the commission of the offense.  See id. at 463.

Appellant contends in his
brief that Hernandez=s testimony
was not sufficiently corroborated because the only non-accomplice evidence
tending to connect Appellant to the robbery was (1) Appellant was driving a car
similar to the description provided by the victim and (2) Hernandez was in the
back seat of that car with the stolen money. 
Contrary to Appellant=s assertions, however, the record contains more than sufficient
evidence to meet the corroboration requirement of Article 38.14.         













Although the mere presence of
the accused with the accomplice before or after the commission of the offense
is not, in itself, sufficient corroboration, proof that an accused was at or
near the place where the crime occurred at or about the time that it happened,
along with evidence of other circumstances can be sufficient corroboration to
support a conviction.  Cox v. State,
830 S.W.2d 609, 611 (Tex. Crim. App. 1992); see Killough v. State, 718
S.W.2d 708, 711 (Tex. Crim. App. 1986); Brosky v. State, 915 S.W.2d 120,
138 (Tex. App.CFort Worth,
pet. ref=d), cert. denied, 519 U.S. 1020 (1996).  Furthermore, suspicious statements and
conduct by the accused can be considered in determining whether accomplice
testimony is sufficiently corroborated.  Longoria
v. State, 154 S.W.3d 747, 758-59 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d); see Killough, 718 S.W.2d at 711.          Viewed
in the light most favorable to the jury=s verdict, the corroborating evidence shows the following:  (1) according to a general manager of Baja
Fresh, Appellant and his wife had worked at the restaurant prior to the
robbery, making him familiar with its layout and closing procedures, see
Gill v. State, 873 S.W.2d 45, 49 (Tex. Crim. App. 1994) (noting that an
accused=s opportunity to commit the offense may be a suspicious circumstance),
(2) Torres saw a white car leaving the restaurant after the robbery, and less
than half of a mile from the restaurant, the police stopped the only car in the
area, which happened to be a white car that Appellant was driving, (3) when the
police stopped Appellant=s car,
Hernandez was in the back seat with a trash can full of money, see McDuff v.
State, 939 S.W.2d 607, 613 (Tex. Crim. App.) (AEvidence that the defendant was in the company of the accomplice at or
near the time or place of the offense is proper corroborating evidence.@), cert. denied, 522 U.S. 844 (1997), and (4) after both
Appellant and Hernandez arrived at the police station, Appellant denied knowing
Hernandez even though he had known Hernandez in Honduras and Hernandez had been
living with his family for two or three weeks prior to the robbery, see
Longoria, 154 S.W.3d at 758-59 (considering suspicious statements by the
accused in determining that the accomplice testimony was sufficiently
corroborated).

All the law requires is that there be some non-accomplice
evidence which tends to connect the accused to the commission of the
offense.  Hernandez, 939 S.W.2d at
178.  While individually these
circumstances might not be sufficient to corroborate the accomplice testimony,
taken together, rational jurors could conclude that this evidence sufficiently
tended to connect Appellant to the offense. 
See id. at 178-79.  We
overrule Appellant=s first point.

IV.      Lesser Included Offense

In his second point, Appellant argues that the trial court
erred by failing to submit the lesser included offense of robbery to the
jury.  We disagree.








To determine whether a jury
must be charged on a lesser included offense, we apply a two-step
analysis.  Moore v. State, 969
S.W.2d 4, 8 (Tex. Crim. App. 1998).  The
first step is to decide whether the offense is a Alesser included offense@ as defined in Article 37.09 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore, 969 S.W.2d
at 8.  A lesser included offense is
defined both in terms of the offense charged and the facts of the case:  AAn offense is a lesser included offense if . . . it is established by
proof of the same or less than all the facts required to establish the
commission of the offense charged.@  Tex. Code Crim. Proc. Ann. art. 37.09(1).  Therefore, our analysis of whether an offense
is a lesser included offense of the charged offense must be made on a
case-by-case basis.  Bartholomew v.
State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); Day v. State, 532
S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can
be established on a theory that does not contain the lesser offense; the issue
is whether the State, when presenting its case to prove the offense charged,
also includes proof of the lesser included offense as defined in Article
37.09.  See Bartholomew, 871
S.W.2d at 212; Broussard v. State, 642 S.W.2d 171, 173 (Tex. Crim. App.
1982).








The second step requires an
evaluation of the evidence to determine whether there is some evidence that
would permit a rational jury to find that the defendant is guilty only of the
lesser offense, and not of the greater.  Feldman
v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); Moore, 969
S.W.2d at 8.  The evidence must be
evaluated in the context of the entire record. 
Moore, 969 S.W.2d at 8. 
There must be some evidence from which a rational jury could acquit the
defendant of the greater offense while convicting him of the lesser included
offense.  Id.  The court may not consider whether the
evidence is credible, controverted, or in conflict with other evidence.  Id. 
If there is evidence from any source that negates or refutes the element
establishing the greater offense, or if the evidence is so weak that it is
subject to more than one reasonable inference regarding the aggravating
element, the jury should be charged on the lesser included offense.  See Schweinle v. State, 915 S.W.2d 17,
19 (Tex. Crim. App. 1996); Saunders v. State, 840 S.W.2d 390, 391-92
(Tex. Crim. App. 1992).

The State does not challenge
Appellant=s contention
that robbery is a lesser included offense of aggravated robbery.  The issue here is whether there is evidence
to raise the lesser included offense.








A robbery becomes an
aggravated robbery if the actor Auses or exhibits a deadly weapon.@  Tex. Penal Code Ann. ' 29.03(a)(2) (Vernon 2003); McCain v. State, 22 S.W.3d 497, 501
(Tex. Crim. App. 2000).  In his first
argument, Appellant seems to contend that because no knife was found in his
car, he cannot be held criminally responsible for the aggravating element of
the crime.  Although we agree that to
convict a defendant as a party to an aggravated offense, the State must prove
that the defendant was criminally responsible for the aggravating element, Stephens
v. State, 717 S.W.2d 338, 340 (Tex. Crim. App. 1986); Wooden v. State,
101 S.W.3d 542, 547-48 (Tex. App.CFort Worth 2003, pet. ref=d), a charge on the lesser offense is not required if a defendant=s evidence suggests that he committed no offense at all.  Lofton v. State, 45 S.W.3d 649, 652
(Tex. Crim. App. 2001) (citing Bignall v. State, 887 S.W.2d 21, 23 (Tex.
Crim. App. 1994)); Ham v. State, 855 S.W.2d 231, 234 (Tex. App.CFort Worth 1993, no pet.).  Appellant
does not deny that a knife was in fact used in the robbery; nor does he contend
that he knew a robbery was going to take place but not that a knife would be
used.  See Tippitt v. State, 41
S.W.3d 316, 324-28 (Tex. App.CFort Worth 2001, no pet.). 
Instead, Appellant denied all involvement in the robbery.  Thus, the evidence does not show that, if he
was guilty of anything, he was guilty only of the lesser included offense of
robbery; rather, according to his own statements, Appellant committed no
offense at all.  








        In his second argument, Appellant admits
that the knife in this case was Aused or exhibited,@ however, he challenges whether it was a deadly weapon within the
meaning of the statute.  Since a knife is
not a deadly weapon per se under Section 1.07(a) of the code, the State was
required to show that it was a deadly weapon by showing that it was something
that Ain the manner of its use or intended use was capable of causing death
or serious bodily injury.@  Tex.
Penal Code Ann. '
1.07(a)(17)(A), (B) (Vernon Supp. 2005); McCain, 22 S.W.3d at 502-03.

An object is a deadly weapon
if the actor intends a use of the object in which it would be capable
of causing death or serious bodily injury. 
McCain, 22 S.W.3d at 503 (A[T]he mere carrying of a butcher knife during such a violent attack .
. . was legally sufficient for a factfinder to conclude that the >intended use= for the
knife was that it be capable of causing death or serious bodily injury.@).  The State was not,
therefore, required to show that Hernandez actually intended death or serious
bodily injury.  See id.  The placement of the word Acapable@ in the
provision enables the statute to cover conduct that threatens deadly force,
even if the actor has no intention of actually using deadly force.  Id. (citing Tisdale v. State,
686 S.W.2d 110, 114-15 (Tex. Crim. App. 1984)).








Torres testified that when
Hernandez entered the restaurant, Hernandez pointed a knife at him and
repeatedly demanded money.  Furthermore,
Hernandez held the knife near Torres=s chest as he opened the restaurant=s safe for Hernandez.  Although
Hernandez testified that he did not want to harm Torres, he replied that Aone never knows@ when asked
if he was prepared to cause injury to acquire the money.  Consequently, there is no evidence to suggest
anything other than that Hernandez intended to use the knife in such a manner
that it would be capable of causing serious bodily injury or death.








Additionally, there is no
evidence to suggest anything other than that the knife was capable of
causing death or serious bodily injury. 
The Texas Court of Criminal Appeals has approved several factors to be
used in determining whether an object is capable of causing death or serious
bodily injury:  (1) physical proximity
between the victim and the object, (2) the threats or words used by the
assailant, (3) the size and shape of the weapon, (4) the weapon=s ability to inflict death or serious injury, and (5) the manner in
which the defendant used the weapon.  Brown
v. State, 716 S.W.2d 939, 946-47 (Tex. Crim. App. 1986); Tisdale,
686 S.W.2d at 111; Blain v. State, 647 S.W.2d 293, 294 (Tex. Crim. App.
1983).  No one factor is determinative,
and each case must be examined on its own facts.  Brown, 716 S.W.2d at 946-47.  Either expert testimony or lay testimony may
be sufficient to support a finding.  English
v. State, 647 S.W.2d 667, 669 (Tex. Crim. App. 1983); Charleston v.
State, 33 S.W.3d 96, 100 (Tex. App.CTexarkana 2000, pet. ref=d).  Introducing the weapon in
evidence assists the jury, but the jury may determine that the weapon was
capable of causing death or serious bodily injury if it is not in
evidence.  In re D.L., 160 S.W.3d
155, 166 (Tex. App.CTyler 2005,
no pet.); see Morales v. State, 633 S.W.2d 866, 868 (Tex. Crim. App.
1982).

At trial, Torres=s testimony and the surveillance video supplied the only evidence of
how Hernandez used the knife, as well as the knife=s physical characteristics.  As
stated, Torres testified that when Hernandez entered the restaurant, he pointed
a knife at him and repeatedly demanded money. 
At that moment, Torres thought he was going to be killed.  He characterized Hernandez=s use of the knife as Awaving the knife all the time.@  Furthermore, Hernandez held
the knife near Torres=s chest as
he opened the restaurant=s safe for
Hernandez, and once again, before he left the restaurant, Hernandez waved the
knife toward Torres=s chest,
making him fear for his life.  Torres
recalled that Hernandez was bigger than he and that Hernandez acted in a very
aggressive manner throughout the entire event. 
Although the knife was never found, Torres recalled that the knife was a
Abig knife,@ possibly a
kitchen knife,  and he believed that the
knife was capable of causing him serious bodily injury or death.  Moreover, no evidence from any source was
presented to refute the knife=s capability of causing death or serious bodily injury.








Therefore, considering the
close proximity between Torres and the knife and Hernandez=s repeated pointing and waving of the knife at Torres=s chest, we cannot say that there is some evidence that would have
permitted a rational jury to find that the defendant is guilty only of
the lesser included offense of robbery without the deadly weapon finding.  We conclude that more than sufficient evidence
was presented to show that the knife, in its manner of use, could cause death
or serious bodily injury.  Thus, we
conclude that Appellant was not entitled to an instruction on the lesser
included offense of robbery and that the trial court did not err in refusing to
grant his requested charge.  We overrule
Appellant=s second
point.

V.     Defense of Necessity








In his third point, Appellant
contends that the trial court erred by failing to charge the jury on the
defense of necessity.  Article 36.14
mandates that a trial court submit a charge setting forth the Alaw applicable to the case.@  Tex. Code Crim. Proc. Ann. art. 36.14.  However, a defensive issue is not applicable
to the case under Article 36.14 unless a defendant timely requests the issue or
objects to the omission of the issue from the jury charge.  Posey v. State, 966 S.W.2d 57, 62
(Tex. Crim. App. 1998).  Article 36.14
imposes no duty on the trial court to sua sponte instruct the jury on
unrequested defensive issues because these issues are not law Aapplicable to the case@; they are simply issues that were not raised at trial.  Posey, 966 S.W.2d at 61-62.  Because Appellant did not object to the court=s charge or request that the defense of necessity be included in the
charge, he has forfeited his complaint on appeal.  We overrule Appellant=s third point.

VI.    Conclusion

Having overruled Appellant=s three points on appeal, we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 29, 2005

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. '
7.02(a)(2) (Vernon 2003).