JUAREZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-335-CR

CESAR DANILO VARGAS JUAREZ APPELLANT

A/K/A CESAR RAMIREZ HERNANDEZ

A/K/A CESAR HERNANDEZ RAMIREZ

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.   Introduction

A jury convicted Appellant Cesar Danilo Vargas Juarez, also known as Cesar Ramirez Hernandez, also known as Cesar Hernandez Ramirez, of aggravated robbery with a deadly weapon and assessed his punishment at twenty-two years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In three points, Appellant complains that:  (1) the testimony of the accomplice was insufficiently corroborated by other evidence to support a conviction, (2) the trial court erred by failing to submit the lesser included offense of robbery to the jury, and (3) the trial court erred by failing to charge the jury on the defense of necessity.  We affirm.

II. 
 
Background

On the night of December 18, 2003, shift manager Carlos Torres closed the Baja Fresh Mexican Grill in Southlake, Texas.  As he was attempting to reset the alarm and leave the restaurant, he was confronted by a man with a cover over his face.  The man was later identified as Jose Antonio Hernandez-Hernandez (“Hernandez”).  Hernandez pointed a knife at Torres and said, “[G]ive me the money.”  As Hernandez held the knife near Torres’s chest, Torres opened the restaurant’s safe, and Hernandez took out all the money (about $1,200), placing it in a nearby trash can.  Then, as both men approached the back door exit, Hernandez asked for Torres’s money.  Torres showed Hernandez that he had no money, only cigarettes and a cigar, which Hernandez took as well.  After waving the knife at Torres’s chest once again, Hernandez then ran out the back door of the restaurant.  Immediately, Torres called 9-1-1 and reported the incident.  While on the phone, he noticed a white car, which he described as resembling a police car, leaving the restaurant’s parking lot and reported it to the 9-1-1 operator.  

Officer Keith Fulgium, who was less than half of a mile from the restaurant, heard a broadcast on his radio that a robbery had occurred at the Baja Fresh Mexican Grill and that the perpetrator fled in a white four-door vehicle that might be a police car.  Almost immediately, Officer Fulgium observed a white four-door car leaving from the area of the restaurant.  Except for another police car, it was the only car on the street at the time.  The car appeared to be speeding and then ran through a stop sign.  Officer Fulgium stopped the vehicle and identified Appellant as the driver.  Hernandez was sitting in the back seat along with a trash can full of money and the pack of cigarettes and cigar in his pocket.  No knife was found.  Appellant and Hernandez were both arrested.  

Appellant and Hernandez knew one another from Honduras, their home country, and Hernandez had been staying with Appellant’s family for two or three weeks prior to the robbery.  After both men arrived at the police station, however, the police interrogated Appellant, and he denied knowing Hernandez. Only later, when speaking with a detective, did he admit to knowing Hernandez. 

As part of a plea bargain, Hernandez testified against Appellant at trial.  Hernandez stated that Appellant helped him commit the crime by planning everything, driving him to the restaurant, and waiting for him as he committed the crime.  In return, Appellant was to receive a share of the money.   

Conversely, Appellant testified that on the night of the crime he went to the grocery store for milk for his children.  On his way home, he heard a loud noise and stopped to see what it was.  An unknown person then got into the back seat of his car and told him to drive.  Appellant testified that he could only see a shadow of the man, and he did not recognize the man’s voice.  He testified that he did not recognize Hernandez until the police had stopped the car and Hernandez got out of the back seat.  Appellant denied any involvement in the robbery. 

After being instructed on the law of party responsibility,
(footnote: 2) the jury convicted Appellant of aggravated robbery with a deadly weapon.  His punishment was assessed at twenty-two years’ confinement in the Institutional Division of the Texas Department of Criminal Justice. 

III. 
 
Sufficiency of the Non-Accomplice Evidence

In his first point, Appellant contends that the testimony of the accomplice, Hernandez, was insufficiently corroborated by other evidence to support a conviction.  More specifically, Appellant argues that without the accomplice testimony of Hernandez, there is insufficient evidence to prove that he was a party to the aggravated robbery.

A challenge of insufficient corroboration is not the same as a challenge of insufficient evidence to support the judgment as a whole.  
See Cathey v. State
, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000); 
Cantelon v. State
, 85 S.W.3d 457, 460 (Tex. App.—Austin 2002, no pet.).  The accomplice-witness rule is a statutorily imposed sufficiency review that is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards.  
Cathey
, 992 S.W.2d at 462-63.  Article 38.14 of the code of criminal procedure provides that

[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Tex. Code Crim. Proc. Ann. 
art. 38.14 (Vernon 2005).  In conducting a sufficiency review under the accomplice-witness rule, the reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to ascertain if there is any evidence that tends to connect the accused with the commission of the crime.  
Solomon v. State, 
49 S.W.3d 356, 361 (Tex. Crim. App. 2001); 
 Hernandez v. State
, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997)
. 
 “Tendency to connect” rather than rational sufficiency is the standard:  the corroborating evidence need not be sufficient by itself to establish guilt beyond a reasonable doubt.  
Solomon
, 49 S.W.3d at 361; 
Cathey
, 992 S.W.2d at 462.  
Nor is it necessary for the corroborating evidence to directly link the accused to the commission of the offense.  
Cathey
, 992 S.W.2d at 462.  To satisfy the accomplice-witness rule there simply needs to be other evidence tending to connect the accused to the commission of the offense.  
See id. 
at 463.

Appellant contends in his brief that Hernandez’s testimony was not sufficiently corroborated because the only non-accomplice evidence tending to connect Appellant to the robbery was (1) Appellant was driving a car similar to the description provided by the victim and (2) Hernandez was in the back seat of that car with the stolen money.  Contrary to Appellant’s assertions, however, the record contains more than sufficient evidence to meet the corroboration requirement of Article 38.14.   

Although the mere presence of the accused with the accomplice before or after the commission of the offense is not, in itself, sufficient corroboration, proof that an accused was at or near the place where the crime occurred at or about the time that it happened, along with evidence of other circumstances can be sufficient corroboration to support a conviction.  
Cox v. State
, 830 S.W.2d 609, 611 (Tex. Crim. App. 1992); 
see Killough v. State
, 718 S.W.2d 708, 711 (Tex. Crim. App. 1986)
; 
Brosky v. State
, 915 S.W.2d 120, 138 (Tex. App.—Fort Worth, pet. ref’d), 
cert. denied
, 519 U.S. 1020 (1996).  
Furthermore, suspicious statements and conduct by the accused can be considered in determining whether accomplice testimony is sufficiently corroborated.  
Longoria v. State
, 154 S.W.3d 747, 758-59 (Tex. App.—Houston [14th
 Dist.] 2004, pet. ref’d); 
see
 
Killough
, 718 S.W.2d at 711.  
 Viewed in the light most favorable to the jury’s verdict, the corroborating evidence shows the following:  (1) according to a general manager of Baja Fresh, Appellant and his wife had worked at the restaurant prior to the robbery, making him familiar with its layout and closing procedures, 
see Gill v. State
, 873 S.W.2d 45, 49 (Tex. Crim. App. 1994) (noting that an accused’s opportunity to commit the offense may be a suspicious circumstance), (2) Torres saw a white car leaving the restaurant after the robbery, and less than half of a mile from the restaurant, the police stopped the only car in the area, which happened to be a white car that Appellant was driving, 
(3) when the police stopped Appellant’s car, Hernandez was in the back seat with a trash can full of money, 
see McDuff v. State
, 939 S.W.2d 607, 613 (Tex. Crim. App.) (“Evidence that the defendant was in the company of the accomplice at or near the time or place of the offense is proper corroborating evidence.”), 
cert. denied
, 522 U.S. 844 (1997), and (4) after both Appellant and Hernandez arrived at the police station, Appellant denied knowing Hernandez even though he had known Hernandez in Honduras and Hernandez had been living with his family for two or three weeks prior to the robbery, 
see Longoria
, 154 S.W.3d at 758-59 (considering suspicious statements by the accused in determining that the accomplice testimony was sufficiently corroborated).

All the law requires is that there be 
some 
non-accomplice evidence which 
tends 
to connect the accused to the commission of the offense.  
Hernandez
, 939 S.W.2d at 178.  While individually these circumstances might not be sufficient to corroborate the accomplice testimony, taken together, rational jurors could conclude that this evidence sufficiently tended to connect Appellant to the offense.  
See id. 
at 178-79.  We overrule Appellant’s first point.

IV.   Lesser Included Offense

In his second point, Appellant argues that the trial court erred by failing to submit the lesser included offense of robbery to the jury.  We disagree.

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis. 
 
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in Article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether the State, when presenting its case to prove the offense charged, also includes proof of the lesser included offense as defined in Article 37.09.  
See Bartholomew
, 871 S.W.2d at 212; 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).

The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater.  
Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); 
Moore
, 969 S.W.2d at 8.  The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense.  
Id.
  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense.  
See Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

The State does not challenge Appellant’s contention that robbery is a lesser included offense of aggravated robbery.  The issue here is whether there is evidence to raise the lesser included offense.

A robbery becomes an aggravated robbery if the actor “uses or exhibits a deadly weapon.”  
Tex. Penal Code Ann.
 § 29.03(a)(2) (Vernon 2003); 
McCain v. State
, 22 S.W.3d 497, 501 (Tex. Crim. App. 2000).  In his first argument, Appellant seems to contend that because no knife was found in his car, he cannot be held criminally responsible for the aggravating element of the crime.  Although we agree that to convict a defendant as a party to an aggravated offense, the State must prove that the defendant was criminally responsible for the aggravating element,
 
Stephens v. State
, 717 S.W.2d 338, 340 (Tex. Crim. App. 1986)
; Wooden v. State
, 101 S.W.3d 542, 547-48 (Tex. App.—Fort Worth 2003, pet. ref’d),
 a charge on the lesser offense is not required if a defendant’s evidence suggests that he committed no offense at all. 
 
Lofton v. State
, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001) (citing 
Bignall v. State
, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994));
 Ham v. State, 
855 S.W.2d 231, 234 (Tex. App.—Fort Worth 1993, no pet.)
.
 
 Appellant does not deny that a knife was in fact used in the robbery; nor does he contend that he knew a robbery was going to take place but not that a knife would be used.  
See Tippitt v. State
, 41 S.W.3d 316, 324-28 (Tex. App.—Fort Worth 2001, no pet.).  Instead, Appellant denied all involvement in the robbery.  
Thus, the evidence does not show that, if he was guilty of anything, he was guilty only of the lesser included offense of robbery; rather, according to his own statements, Appellant committed no offense at all. 
 

  
 In his second argument, Appellant admits that the knife in this case was “used or exhibited,” however, he challenges whether it was a deadly weapon within the meaning of the statute.  Since a knife is not a deadly weapon per se under Section 1.07(a) of the code, the State was required to show that it was a deadly weapon by showing that it was something that “in the manner of its use or intended use was capable of causing death or serious bodily injury.”  
Tex. Penal Code Ann.
 § 1.07(a)(17)(A), (B) (Vernon Supp. 2005); 
McCain
, 22 S.W.3d at 502-03.

An object is a deadly weapon if the actor 
intends
 a use of the object in which it would be 
capable
 of causing death or serious bodily injury.  
McCain
, 22 S.W.3d at 503 (“[T]he mere carrying of a butcher knife during such a violent attack . . . was legally sufficient for a factfinder to conclude that the ‘intended use’ for the knife was that it be capable of causing death or serious bodily injury.”)
.  The State was not, therefore, required to show that Hernandez actually intended death or serious bodily injury.  
See id.
  The placement of the word “capable” in the provision enables the statute to cover conduct that threatens deadly force, even if the actor has no intention of actually using deadly force.  
Id. 
(citing 
Tisdale v. State
, 686 S.W.2d 110, 114-15 (Tex. Crim. App. 1984)).

Torres testified that when Hernandez entered the restaurant, Hernandez pointed a knife at him and repeatedly demanded money.  Furthermore, Hernandez held the knife near Torres’s chest as he opened the restaurant’s safe for Hernandez.  Although Hernandez testified that he did not want to harm Torres, he replied that “one never knows” when asked if he was prepared to cause injury to acquire the money.  Consequently, there is no evidence to suggest anything other than that Hernandez intended to use the knife in such a manner that it would be capable of causing serious bodily injury or death.

Additionally, there is no evidence to suggest anything other than that the knife was 
capable
 of causing death or serious bodily injury.  The Texas Court of Criminal Appeals has approved several factors to be used in determining whether an object is capable of causing death or serious bodily injury:  (1) physical proximity between the victim and the object, (2) the threats or words used by the assailant, (3) the size and shape of the weapon, (4) the weapon’s ability to inflict death or serious injury, and (5) the manner in which the defendant used the weapon.  
Brown v. State
, 716 S.W.2d 939, 946-47 (Tex. Crim. App. 1986); 
Tisdale
, 686 S.W.2d at 111; 
Blain v. State
, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983)
.  No one factor is determinative, and each case must be examined on its own facts.  
Brown
, 716 S.W.2d at 946-47.  Either expert testimony or lay testimony may be sufficient to support a finding.  
English v. State
, 647 S.W.2d 667, 669 (Tex. Crim. App. 1983); 
Charleston v. State
, 33 S.W.3d 96, 100 (Tex. App.—Texarkana 2000, pet. ref’d)
.  Introducing the weapon in evidence assists the jury, but the jury may determine that the weapon was capable of causing death or serious bodily injury if it is not in evidence.  
In re D.L.
, 160 S.W.3d 155, 166 (Tex. App.—Tyler 2005, no pet.)
; 
see Morales v. State
, 633 S.W.2d 866, 868 (Tex. Crim. App. 1982)
.

At trial, Torres’s testimony and the surveillance video supplied the only evidence of how Hernandez used the knife, as well as the knife’s physical characteristics.  As stated, Torres testified that when Hernandez entered the restaurant, he pointed a knife at him and repeatedly demanded money.  At that moment, Torres thought he was going to be killed.  
He characterized Hernandez’s use of the knife as “waving the knife all the time.”  
Furthermore, Hernandez held the knife near Torres’s chest as he opened the restaurant’s safe for Hernandez, and
 once again, before he left the restaurant, Hernandez waved the knife toward Torres’s chest, making him fear for his life.  Torres recalled that Hernandez was bigger than he and that Hernandez acted in a very aggressive manner throughout the entire event.  Although the knife was never found, Torres recalled that the knife was a “big knife,” possibly a kitchen knife,  and he believed that the knife was capable of causing him serious bodily injury or death.  Moreover, no evidence from any source was presented to refute the knife’s capability of causing death or serious bodily injury.

Therefore, considering the close proximity between Torres and the knife and Hernandez’s repeated pointing and waving of the knife at Torres’s chest, we cannot say that there is some evidence that would have permitted a rational jury to find that the defendant is guilty 
only 
of the lesser included offense of robbery without the deadly weapon finding.  We conclude that more than sufficient evidence was presented to show that the knife, in its manner of use, could cause death or serious bodily injury.  Thus, we conclude that Appellant was not entitled to an instruction on the lesser included offense of robbery and that the trial court did not err in refusing to grant his requested charge.  We overrule Appellant’s second point.

V.   Defense of Necessity

In his third point, Appellant contends that the trial court erred by failing to charge the jury on the defense of necessity.  Article 36.14 mandates that a trial court submit a charge setting forth the “law applicable to the case.”  
Tex. Code Crim. Proc. Ann.
 art. 36.14.  However, a defensive issue is not applicable to the case under Article 36.14 unless a defendant timely requests the issue or objects to the omission of the issue from the jury charge.  
Posey v. State
, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).  Article 36.14 imposes no duty on the trial court to sua sponte instruct the jury on unrequested defensive issues because these issues are not law “applicable to the case”; they are simply issues that were not raised at trial.  
Posey
, 966 S.W.2d at 61-62.  Because Appellant did not object to the court’s charge or request that the defense of necessity be included in the charge, he has forfeited his complaint on appeal.  We overrule Appellant’s third point.

VI.   Conclusion

Having overruled Appellant’s three points on appeal, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 29, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See 
Tex. Penal Code Ann.
 § 7.02(a)(2) (Vernon 2003).